820 So.2d 963 (2002)
RICHARD BERTRAM, INC., a Delaware corporation authorized to do business in the State of Florida, and Scott French, an individual, Appellants,
v.
STERLING BANK & TRUST, Dennis E. Wald, an individual, and Haluk Ergulec, Appellees.
No. 4D00-4438.
District Court of Appeal of Florida, Fourth District.
May 22, 2002.
Rehearing Denied July 29, 2002.
*964 Paul H. Field of Lane, Reese, Aulick, Summers & Field, P.A., Coral Gables, for appellants.
Roy D. Wasson, Miami, for appellee Dennis E. Wald.
WARNER, J.
Appellants, two yacht brokers, challenge a final summary judgment entered on their claims against appellee, a lawyer, for breach of contract, conspiracy, fraud, and tortious interference with a business relationship. The trial court found that appellee was an agent for a disclosed principal and, thus, could not be individually liable *965 for the causes of action alleged. We agree and affirm.
Sterling Bank & Trust ("Sterling") acquired a yacht through repossession and intended to sell it. Sterling's lawyer, appellee Wald, informed appellants Bertram and French about the yacht and explained that Sterling's usual practice was for offers to be submitted to him, including any proposals for a commission, which offers he would forward to Sterling.
Bertram and French interested Ergulec, a prior customer of theirs, in purchasing Sterling's yacht. Ergulec made an offer with a ten percent commission through the brokers. That offer was not accepted, but Bertram and French discovered that a few weeks later Ergulec negotiated directly with Sterling to purchase the vessel.
Upon learning of the sale, the brokers filed suit against Sterling, Ergulec, and Wald for their brokers' commission, alleging that they were the procuring cause of the sale. Wald moved for summary judgment, claiming he was an agent for a disclosed principal and, therefore, not personally liable to the brokers.
We agree that the trial court correctly entered summary judgment on this ground as to the contract count. It is well settled that an attorney serves as an agent for his or her client. As such, the attorney's acts are the acts of the principal, the client, and absent an express agreement, an agent working on behalf of a disclosed principal is not personally liable for the debts of the principal. See Andrew H. Boros, P.A. v. Arnold P. Carter, M.D., P.A., 537 So.2d 1134, 1135 (Fla. 3d DCA 1989). There was no express agreement in this case that the attorney would be personally liable.
Although the brokers argue that Wald made a statement that he would promise to pay a commission to them if they found a buyer, he had already disclosed that he represented Sterling and that all contracts would be approved by it. In fact, their complaint alleged that Wald acted on behalf of Sterling. As explained in the Restatement (Second) of Agency,
[A] principal is disclosed if, at the time of making the contract in question, the other party to it has notice that the agent is acting for a principal and of the principal's identity. One who purports to contract on behalf of a designated person does not manifest by this that he is making a contract on his own account, and only where he so manifests does the agent become a party to a contract which he makes for the principal. In the absence of other facts, the inference is that the parties have agreed that the principal is, and the agent is not, a party. This is true although the agent uses such an expression as, "I will sell."
RESTATEMENT (SECOND) OF AGENCY § 320 cmt. a (1958).
For the same reason, Wald is not liable for conspiracy or tortious interference with an advantageous business relationship. While an agent may be personally liable for his or her tortious acts, even if committed within the scope of the agent's employment with the principal, see First Fin, USA, Inc. v. Steinger, 760 So.2d 996, 997-98 (Fla. 4th DCA 2000), an agent is not liable for tortious interference with a contract of which his or her principal is a party. See Abruzzo v. Haller, 603 So.2d 1338, 1339-40 (Fla. 1st DCA 1992). In Cedar Hill Properties Corp. v. Eastern Federal Corp., 575 So.2d 673, 676 (Fla. 1st DCA 1991), the court stated:
In order to maintain an action for tortious interference with contractual rights, a plaintiff must prove that a third party interfered with a contract by "influencing, inducing or coercing one of the parties ... to breach the contract, *966 thereby causing injury to the other party." An agent of a corporate party to a contract, acting within his capacity and scope as an agent, cannot be considered to be a separate entity outside of the contractual relationship which can tortiously interfere with that relationship.
(Citations omitted). Here, the agreement, if any, to pay a commission was between Sterling and the brokers. Wald was Sterling's attorney. He cannot be liable for interfering with his principal's contract. See Earl A. Hollis, Inc. v. Haas, 489 So.2d 34 (Fla. 4th DCA 1986) (affirming a directed verdict in favor of seller's agent on broker's claim of tortious interference with an advantageous business relationship). With respect to the conspiracy count, it is well settled that "neither an agent nor an employee can conspire with his or her corporate principal or employer." Lipsig v. Ramlawi, 760 So.2d 170, 180 (Fla. 3d DCA 2000). An exception is made where the agent has a personal stake in the activities separate from the principal's interest. See id. at 181. However, a personal stake by Wald was neither pled nor suggested in this record.
Finally, although an attorney may be liable for his or her own fraudulent statements, see Bongard v. Winter, 516 So.2d 27, 27 (Fla. 3d DCA 1987), appellants have not offered proof of any statements which could be considered fraudulent. Thus, we agree with the trial court that summary judgment was proper where no material facts were in dispute.
Affirmed.
FARMER and TAYLOR, JJ., concur.