Levine, J.
In this case, we consider the parameters of the “intra-corporate conspiracy doctrine” and how it specifically relates to an allegation of civil conspiracy and whether the trial court correctly dismissed the count of conspiracy to commit breach of contract. We find that the trial court correctly applied the doctrine of intra-corpo-rate conspiracy by dismissing the conspiracy count. We do find, however, that the trial court, after dismissing the count, should have given the party the opportunity to amend its complaint. Thus, we reverse and remand for the trial court to give appellant an opportunity to re-plead the complaint, and if appellant is unable to plead a sufficient claim, consistent with this opinion, then the complaint can be dismissed with prejudice.
Broadbandone, LLC d/b/a Host.net (“Host”) sued Cloud Computing Concepts, LLC (“C3”) as well as C3’s CEO for several breach of contract and tort claims. C3 counterclaimed against Host; Jeffrey Davis, Host’s CEO; and David Tobin, Host’s outside counsel. The sole claim against Davis alleged he conspired with Host and Tobin to commit breach of contract. As this case follows from the trial court’s dismissal of C3’s sole claim against Davis, we take the factual allegations within C3’s complaint as true.
C3, a cloud computing company, had entered into a contract with Host, a provider of power, cooling, network connectivity services, and other infrastructure services. Subsequently, Davis, along with Host and Tobin, allegedly attempted to destroy C3 and acquire C3’s clients. Davis allegedly caused Host to fail to send an invoice to C3, making C3 delinquent in its payments. Davis then contacted C3’s clients, telling them Host planned to disconnect C3. Eventually C3 learned of its missed payment and offered to pay the amount due, but Davis informed C3 that Host would be accelerating the agreement and demanded $50,722.70, the accelerated amount. Davis’s purported aim was to extort C3 into paying the accelerated sum, destroy C3 and its data entirely, or force C3 to enter into a new, disadvantageous long-term contract.
C3 alleged Davis “engaged in a maniacally despicable course of conduct designed to harm C3 and its clients—and to get more money for himself and Host.net.” Davis also “secured more compensation” from Host through his actions.
Davis moved to dismiss C3’s civil conspiracy claim, arguing that the “intra-cor-porate conspiracy doctrine” prohibits, as a general proposition, a corporation from conspiring with its own officers and agents. The trial court dismissed the claim against Davis with prejudice. C3 now appeals.
We review motions to dismiss de novo. See Habitat II Condo., Inc. v. Kerr, 948 So.2d 809, 811 (Fla. 4th DCA 2007).
We begin our discussion with an explanation of the intra-corporate conspiracy doctrine. This doctrine, originally a product of antitrust law, provides that “neither an agent nor an employee can conspire with his or her corporate principal or employer.” Richard Bertram, Inc. v. Sterling Bank & Trust, 820 So.2d 963, 966 (Fla. 4th DCA 2002) (quoting Lipsig v. *1037 Ramlawi, 760 So.2d 170, 180 (Fla. 3d DCA 2000)); McAndrew v. Lockheed Marlin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc). “This doctrine stems from basic agency principles that ‘attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor.’ ” Dickerson v. Alachua Cty. Comm’n, 200 F.3d 761, 767 (11th Cir. 2000) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 603 (5th Cir. 1981)). Because a civil conspiracy requires “an agreement between two or more parties,” Lipsig, 760 So.2d at 180, “it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself,” Dickerson, 200 F.3d at 767. See also Cedar Hills Props. Corp. v. E. Fed. Corp., 575 So.2d 673, 676 (Fla. 1st DCA 1991) (“Since a corporation is a legal entity which can only act through its agents, officers and employees, a corporation cannot conspire with its own agents unless the agent has a personal stake in the activities that are separate and distinct from the corporation’s interest.”). Thus, the intra-corporate conspiracy doctrine, as a general proposition, precludes the claim of conspiracy against individuals and their corporation for wholly internal agreements to commit wrongful or actionable conduct.
Florida courts recognize the “personal stake” exception to the intra-corporate conspiracy doctrine. Richard Bertram, 820 So.2d at 966. Under this exception, where an agent has a “personal stake in the activities separate from the principal’s interest,” the agent can be liable for civil conspiracy. Id. To prove such a personal stake, an agent must have “a personal stake in the activities that are separate and distinct from the corporation’s interest.” Lipsig, 760 So.2d at 181 (citation omitted). In other words, the agent must have “acted ‘in their personal interests, wholly and separately from the corporation.’ ” Microsoft Corp. v. Big Boy Distr. LLC, 589 F.Supp.2d 1308, 1323 (S.D. Fla. 2008) (quoting Bhatia v. Yale Univ., No. 3:06cv1769, 2007 WL 2904205 (D. Conn. Sept. 30, 2007)). Thus, a “personal stake” must be more than, just personal animosity on the part of the agent. See On-Site Dev. Corp. v. Riley, 564 So.2d 201, 204 (Fla. 5th DCA 1990). Moreover, the benefit to the agent must be more than “incidental” to the benefit to the principal. See HRCC, Ltd. v. Hard Rock Café Int’l (USA), Inc., No. 6:14-cv-2004-Orl-40KRS, 2016 WL 6603792, at *5 (M.D. Fla. Sept. 13, 2016).[1]
In the present case, because C3 has alleged Davis “conspired” with Tobin, an agent of Host, and Host itself, we find the intra-corporate conspiracy doctrine applies. We further conclude that the allegations in C3’s complaint do not show that Davis had a “personal stake” in the conspiracy different from that of the corporation. C3 alleged Davis’s aim in participating in the conspiracy was to harm C3. However, Davis acted in his capacity as Host’s CEO and sought to benefit Host through his allegedly tortious acts. Any *1038 benefits Davis received as a result of his allegedly tortious actions, including increased compensation, were merely incidental to the benefits Host received. Therefore, the trial court did not err in dismissing C3’s complaint.
C3 contends the intra-corporate conspiracy doctrine is an affirmative defense and therefore it should not be required to allege facts that demonstrate Davis had a personal stake in the alleged conspiracy. Appellant claims that this improperly imposes a heightened pleading standard requiring it, in its complaint, to avoid what is an affirmative defense.
Requiring C3 to allege Davis had a personal stake does not impose a heightened pleading standard because the intra-corporate conspiracy doctrine is not an affirmative defense. “An affirmative defense is a defense which admits the cause of action, but avoids liability, in whole or in part, by alleging an excuse, justification, ór other matter negating or limiting liability.” State Farm Mut. Auto. Ins. Co. v. Curran, 135 So.3d 1071, 1079 (Fla. 2014) (citation omitted). The intra-corporate conspiracy doctrine does not “admit[]” a conspiracy exists. See id. Rather, it provides that a corporate agent’s acts are attributed to the corporation such that the multiplicity of actors element of conspiracy is negated, and without a multiplicity of actors, a conspiracy cannot be proven. See Cedar Hills, 575 So.2d at 676. Requiring a complaint to contain “ultimate facts” showing a “personal stake” does no more than require that the complainant allege facts showing the base requirement that “two or more persons” have entered into an agreement. Id.; Royal & Sunalliance v. Lauderdale Marine Ctr., 877 So.2d 843, 845 (Fla. 4th DCA 2004).
Although we conclude C3’s complaint failed to state a cause of action for civil conspiracy, we nevertheless find the trial court abused its discretion in dismissing C3’s claim against Davis with prejudice. “It is well-settled that where a party may be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion.” Harper Cos. v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A., 656 So.2d 627, 629 (Fla. 4th DCA 1995). Because C3 was not given any opportunity to amend its complaint, and it is unclear whether C3 could potentially state a legally sufficient claim, we reverse and remand for C3 to be given the opportunity to amend. See Bryant v. State, 901 So.2d 810, 818 (Fla. 2005) (“In the civil context, dismissing a complaint without granting at least one opportunity to amend is considered an abuse of discretion unless the complaint is not amendable.”); Gamma Dev. Corp. v. Steinberg, 621 So.2d 718, 719 (Fla. 4th DCA 1993) (“Leave to amend should be liberally given and a dismissal with prejudice is not proper unless the privilege to amend has been abused, or it is clear that the pleading cannot be amended to state a cause of action.”).
In summary, we find C3 failed to state a cause of action for civil conspiracy because it did not allege facts showing Davis had a “personal stake” in the conspiracy. We nevertheless reverse for C3 to be given an opportunity to amend its complaint, If on remand, and consistent with this opinion, C3 fails to state a legally sufficient claim, C3’s claim should then be dismissed with prejudice. We find the remaining issues on appeal to be without merit and affirm without comment.

Affirmed in part, reversed in part, and remanded.

Ciklin, C.J., and Forst, J., concur.

. We also note that the federal courts have identified additional exceptions to the intra-corporate conspiracy doctrine. For example, in McAndrew the Eleventh Circuit held that the criminal conspiracy exception to the in-tra-corporate conspiracy doctrine applies "regardless of whether the criminal conspiracy arises under the federal criminal or civil code.” McAndrew, 206 F.3d at 1040. In Dickerson, the Eleventh Circuit noted that several federal circuit courts had made an exception to the intra-corporate conspiracy doctrine in cases involving "a series of discriminatory acts” in 42 U.S.C. § 1985 actions. Dickerson, 200 F.3d at 770. Lastly, the United States Supreme Court declined to apply this doctrine to a civil Racketeer Influenced and Corrupt Organization Act (RICO) claim. Cedric Kushner Promotions, LTD. v. King, 533 U.S. 158, 165-66, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001).