[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12660

_____

MICHAEL GULISANO,

Interested Party-Appellant,

CATHY COHEN,

Plaintiff,

*versus*

BURLINGTON, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cv-81420-BB

_____

Before JORDAN, JILL PRYOR, and MARCUS, Circuit Judges.

JILL PRYOR, Circuit Judge:

When attorney Michael Gulisano represented a client in a negligence action in the Southern District of Florida, he obtained a default judgment against a non-existent entity, "Burlington, Inc." He added an unrelated entity, Burlington Coat Factory Direct Corporation, as a judgment debtor on the resulting writ of execution. He used the writ of execution to levy funds from another entity, Burlington Stores, Inc. After Burlington Stores, Inc. and Burlington Coat Factory Warehouse Corporation protested and sought to quash the writ, Gulisano asked the district court in the Southern District of Florida to amend its default judgment order and name Burlington Stores, Inc. and Burlington Coat Factory Warehouse Corporation as judgment debtors. The district court denied the motion and, finding it to be legally and factually frivolous, imposed sanctions under Federal Rule of Civil Procedure 11. It also denied Gulisano's motion for reconsideration of the sanctions order. After careful review and with the benefit of oral argument, we affirm.

## I.　FACTS[1]

While Cathy Cohen was shopping at a Burlington Coat Factory store in Royal Palm Beach, Florida, she looked at a set of tables on display. When Cohen attempted to inspect the tables, they fell on her knee. Cohen jumped back to avoid the falling tables, injuring her neck and back.

Cohen hired Gulisano as her attorney. He filed a civil action on her behalf in federal court in the Southern District of Florida. The complaint Gulisano drafted alleged that defendant "Burlington, Inc."[2] had been negligent and was liable for damages to Cohen. Gulisano served a summons and a copy of the complaint on CT Corporation System, ostensibly the registered agent of "Burlington, Inc." After "Burlington, Inc." failed to file an answer or otherwise respond to the lawsuit, the district court clerk entered a default. Following a hearing on damages, the district court entered a default judgment, awarding Cohen $677,774.75. The district court's final judgment named "Burlington, Inc." as the sole defendant.

To collect on the default judgment, Gulisano requested that the court issue a writ of execution naming "Burlington, Inc. a/k/a

---

[1] Because we write for the parties, we recount only the facts necessary to explain our decision.

[2] Gulisano referred to the defendant as both "Burlington Inc." and "Burlington, Inc." For the sake of consistency, this opinion will use "Burlington, Inc."

Burlington Coat Factory Direct Corporation" as the judgment debtor. The court issued the writ.

Seeking to execute the writ, Gulisano used employer identification numbers ("EIN")[3] to perform an asset search to find bank accounts from which he could levy funds. But, instead of using the EIN number of the judgment debtor, "Burlington, Inc."—which did not exist—he used the EIN numbers of two other entities: Burlington Stores, Inc. ("BSI") and Burlington Coat Factory Direct Corporation ("BCFDC"). BSI is the parent company of the entities that operate Burlington Coat Factory stores, including BCFDC and Burlington Coat Factory Warehouse Corporation ("BCFWC"), which operates the Florida stores. After locating bank accounts in New Jersey that belonged to BSI, Gulisano registered the judgment in the District of New Jersey. The New Jersey district court then issued a writ of execution against "Burlington, Inc." The United States Marshals Service delivered the writ to BSI's bank. The bank withdrew the amount of the judgment award, plus costs, from BSI's account.

Once they discovered the withdrawal, BSI and BCFWC filed a motion in the New Jersey district court to vacate the levy, quash the writ of execution, and vacate the default judgment. They pointed out that the writ of execution was based on a default

---

[3] An EIN number is the nine-digit tracking number that the Internal Revenue Service assigns to the tax accounts of businesses.

judgment entered against "Burlington, Inc.," but the judgment was levied on BSI, an unrelated entity not named in the Florida action.

Gulisano opposed the motion. He asserted that "Burlington, Inc." was a registered fictitious name or a misnomer that was similar enough to the correct name that it gave BSI and BCFWC—which he collectively referred to as "Burlington"—notice of the action.

The day after he filed his response in the New Jersey district court, Gulisano filed in the Florida district court a "Motion to Amend Final Default Judgment to Remove Any Ambiguity of the Correct Defendant's Identity." In this motion, Gulisano asked the district court to amend the default judgment so that all references to the defendant "Burlington, Inc." would become "Burlington, Inc. a/k/a Burlington Stores, Inc. a/k/a Burlington Coat Factory Warehouse Corporation." Doc. 33 at 6 (internal quotation marks omitted).[4] Gulisano requested this change in order to "remove any alleged ambiguity that 'Burlington, Inc.' is *not* the same entity as" BSI and BCFWC. *Id.* (emphasis in original). He contended that "Burlington, Inc." properly referred to BSI and BCFWC because the company went by multiple names, all of which included the word "Burlington." He argued that BSI and BCFWC were the same entity, operating under the fictitious name "Burlington, Inc." He also argued that he had served "Burlington" via its registered

---

[4] "Doc." numbers refer to the district court's docket entries.

agent, and that service on "Burlington, Inc." was effective service on BSI.

BSI and BCFWC opposed the motion to amend. They acknowledged that there were multiple entities that together owned and operated the retail stores known as Burlington Coat Factory, but stated that "Burlington, Inc." was not one of those entities. Nor was it a fictitious name for BSI or another Burlington Coat Factory entity. Therefore, they argued, the judgment against "Burlington, Inc.," a completely unrelated entity, was improperly levied on BSI. Noting that the New Jersey district court had granted their motion to quash the writ of execution, BSI and BCFWC asked the Florida district court to deny the motion to amend the judgment.

In the Florida district court, BSI and BCFWC also moved for sanctions under Federal Rule of Civil Procedure 11, asserting that the motion to amend was frivolous because Gulisano could not have reasonably believed that BSI and BCFWC used the fictitious name "Burlington, Inc." They also asserted that Gulisano had misrepresented to the court that effective service had been made on "Burlington, Inc."

The district court denied the motion to amend. It observed that, although Gulisano now argued that he had sued BSI and BCFWC under their purported fictitious name, the complaint had not alleged that the defendant used a fictitious name. And, despite many opportunities, Gulisano never sought to amend the complaint to add that allegation, nor did he attempt to voluntarily

dismiss the action without prejudice and initiate a new action against the intended entities. The district court found no support for his claims that "Burlington, Inc." was the same entity as or the fictitious name of BSI or BCFWC: "Appallingly, the Court has not identified a single piece of evidence . . . that substantiates the use of 'Burlington, Inc.' as the proper entity to be named in this action, either as a fictitious name or as a company authorized to conduct business in Florida." Doc. 50 at 9. The court observed that Gulisano's motion to amend failed to explain why the default judgment named "Burlington, Inc." but the writ of execution named BCFDC. It concluded, "Like the motion for writ of execution, it is clear that the instant Motion to Amend Judgment is a back-door attempt to correct an improperly named party and recover a $677,774.75 default judgment plus costs from the intended, but unnamed, entities without having to litigate the matter any further." *Id.* at 11.

In the same order, the court granted the motion for sanctions. It found that Gulisano had "add[ed] an independent and distinct legal entity to a motion for writ of execution that was neither referenced at any point in the litigation nor explicitly listed in the Court's Final Judgment" and had "attempt[ed] to conflate various distinct corporate entities in order to recover an award of damages obtained through a default judgment against a non-existent corporate entity." *Id.* at 13–14. The court found this conduct to be "both frivolous and dishonest." *Id.* at 13. It stated that a brief investigation would have revealed the proper entities to sue, but Gulisano's pre-suit investigation was "woefully deficient," and his post-judgment

investigation was done in bad faith. *Id.* at 14. Because of his "serious fraudulent conduct," the court granted the motion for Rule 11 sanctions against Gulisano. *Id.* at 18. It ordered him to pay attorney's fees and costs and referred him to the Florida Bar for appropriate disciplinary action.

Gulisano filed under Federal Rule of Civil Procedure 59 a motion for reconsideration of the court's order imposing sanctions. After a hearing, the court denied his motion, concluding that it merely disagreed with the court's reasoning and failed to establish a clear error of law or manifest injustice. It ordered him to pay $19,549.12 in sanctions.

Gulisano filed this appeal of the order granting sanctions and the order denying reconsideration.

## II.    STANDARD OF REVIEW

We review a district court's imposition of Rule 11 sanctions for abuse of discretion. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). We must affirm unless we find that the court applied the wrong legal standard or based its ruling on a clearly erroneous assessment of the evidence. *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995).

We review for abuse of discretion a district court's denial of a motion for reconsideration under Rule 59. *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985).

20-12660                Opinion of the Court                 9

## III.    ANALYSIS

There are two issues before us on appeal: (1) whether the district court abused its discretion in granting BSI and BCFWC's motion for sanctions, and (2) whether the district court abused its discretion when it denied Gulisano's motion for reconsideration of the sanctions order. We see no abuse of discretion in the first issue and deem the second issue abandoned.

## A.    The District Court Acted Within Its Discretion in Imposing Sanctions on Gulisano.

Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions against an attorney who files frivolous pleadings or motions. Fed. R. Civ. P. 11(b), (c).[5] Rule 11 sanctions are

---

[5] Rule 11 provides in pertinent part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

warranted when a party files a pleading or motion that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (internal quotation marks omitted).

Rule 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry into both the facts and the law before filing a pleading or motion. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991); *Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992). When deciding whether to impose sanctions under Rule 11, a district court must conduct a two-step inquiry, determining "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). A factual claim is frivolous when it has no reasonable factual

---

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

basis. *See id.* A legal claim is frivolous when it has no reasonable chance of succeeding. *See id.* When the attorney's evidence is "merely weak," but supports a claim under existing law after a reasonable inquiry, sanctions are unwarranted. *Id.* Sanctions are warranted, however, when the attorney exhibits "a deliberate indifference to obvious facts." *Id.* (internal quotation marks omitted).

If the attorney failed to make a reasonable inquiry, then "the court must impose sanctions despite the attorney's good faith belief that the claims were sound." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). The reasonableness of the inquiry depends on the circumstances of the case. *See id.*

In addition, an attorney's obligations with respect to the contents of pleadings or motions are not measured solely as of the time when the pleading or motion is initially filed with the court, but also at the time when the attorney, having learned the claims lack merit, reaffirms them to the court. *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (citing Fed. R. Civ. P. 11(b) advisory committee's note to 1993 amendment). "That the contentions contained in the complaint were not frivolous at the time it was filed does not prevent the district court from sanctioning [the attorney] for his continued advocacy of them after it should have been clear that those contentions were no longer tenable." *Id.*

The district court did not abuse its discretion when it determined that Gulisano's claim that the default judgment against "Burlington, Inc." allowed him to collect damages from BSI and BCFWC was objectively frivolous. That claim was undergirded by

two arguments. First, Gulisano argued that "Burlington, Inc." was the fictitious name of BSI and BCFWC. That argument was frivolous because there were no facts to support it. Second, he argued that a judgment entered against a corporation's fictitious name could bind multiple distinct corporate entities. That argument was frivolous because it ignored basic principles of corporations law.

First, there was no factual support for Gulisano's claim that "Burlington, Inc." was the fictitious name of BSI and BCFWC. It is true that Gulisano attached hundreds of pages to the motion to amend to illustrate that BSI used the name "Burlington," including pictures from the website, pictures of the interiors of Burlington stores, the federal trademark registration of the Burlington logo, and BSI's SEC 10-K Form. But he presented no evidence that BSI or any other Burlington entity used the name "Burlington, Inc." Nor did he show that "Burlington, Inc." was a corporate entity in Florida or anywhere else. Eventually Gulisano admitted to the district court that "Burlington, Inc." did not exist.

Nor was "Burlington, Inc." a fictitious name. In Florida, a corporation engaging in business under a fictitious name must first register the name with the State. Fla. Stat. § 865.09(3)(a). State records show that "Burlington, Inc." was not a registered fictitious name. BSI stated that neither it nor any other Burlington entity used the name. Gulisano provided evidence that BCFWC applied for two fictitious names in Florida, "Burlington" and "Burlington Coat Factory." But he produced no evidence revealing use or registration of the fictitious name "Burlington, Inc." Without this

evidence, he failed to support the factual contention made in the motion to amend that he had sued BSI and BCFWC under their fictitious name.

Second, there was no legal support for Gulisano's argument that his judgment against "Burlington, Inc." entitled him to collect monies from BSI or BCFWC. In Florida, a corporation must be sued under its corporate name. *RHPC, Inc. v. Gardner*, 533 So. 2d 312, 314 (Fla. Dist. Ct. App. 1988). A corporation operating under a fictitious name has no independent legal existence. *Osmo Tec SACV Co. v. Crane Env't, Inc.*, 884 So. 2d 324, 327 (Fla. Dist. Ct. App. 2004). "In pleadings, the corporate name must be strictly used." *RHPC, Inc.*, 533 So. 2d at 314. The district court explained that, when suing an entity under its fictitious name, the plaintiff should state the entity's true name, the designation "d/b/a" or "doing business as," and the fictitious name. Thus, even if "Burlington, Inc." had been the registered fictitious name of BSI or BCFWC, Gulisano should have included those proper corporate names in the complaint. He failed to do so. Instead, he named only "Burlington, Inc." without including a d/b/a designation.

The district court denied the motion to amend and rejected Gulisano's argument that "Burlington, Inc." was a fictitious name. On appeal, Gulisano argues that "Burlington, Inc." was a typographical error—he had accidentally omitted "Stores" from the party's name on the complaint and repeated the error throughout the suit. It hardly matters whether Gulisano intentionally chose to use a fictitious name or inadvertently repeated a mistake. He tried

to use a judgment against a non-existent party to collect from an unrelated non-party and persisted in his attempts well past the time when he learned of his error. We agree with the district court's conclusion that "the factual and legal contentions asserted [in the motion were] objectively frivolous." Doc 50. at 14.[6]

We turn now to the question whether Gulisano should have known that his arguments were legally and factually frivolous. Our answer is yes. Gulisano should have known that the motion to amend was frivolous because "even the most minimal investigation would have alerted" him that there was no such entity as "Burlington, Inc." *McGreal*, 87 F.3d at 1255. The district court found that a search of registered corporations in Florida would have revealed proper Burlington Coat Factory entities that he could have sued. And we know that Gulisano could have performed such an investigation because, after obtaining the default judgment against "Burlington, Inc.," he used the EIN numbers of BSI and BCFDC to locate their assets. He failed to mention whether he performed an asset search on "Burlington, Inc." or what, if anything, he found. That he had to identify other entities from which to collect the

---

[6] Gulisano said that he effected service on BSI through its registered agent. The agent said that it sent Gulisano a letter rejecting service on "Burlington, Inc." Gulisano said that he never saw the letter. BSI and BCFWC said that neither BSI, nor any related entity, ever received notice of the complaint. The district court explicitly declined to resolve or rely on the notice issue. Because we, like the district court, need not resolve the issue to decide that sanctions were warranted, we do not address it further.

20-12660            Opinion of the Court            15

judgment should have informed him that the named judgment debtor did not exist.

Even if Gulisano had failed to discover that "Burlington, Inc." was non-existent and unrelated to the other Burlington entities, he learned these facts from BSI and BCFWC's motion to quash the writ and opposition to the motion to amend. Though BSI and BCFWC had "alerted [him] to the potential impropriety of his collection efforts," Gulisano persisted in claiming that he could collect the award from BSI, BCFWC, or BCFDC, despite failing to name any of them as parties to the default judgment. Doc. 50 at 15. The district court properly concluded, "[I]t is abundantly clear that Mr. Gulisano should have known, and seemingly did know, that the claims he asserted during these proceedings were objectively and patently frivolous." *Id.* at 15. Gulisano violated his duty of candor by "insisting upon a position after it [was] no longer tenable." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (internal quotation marks omitted). And, because "[a] finding of bad faith is warranted where . . . a frivolous argument is knowingly or recklessly raised," the district court correctly determined that Gulisano acted in bad faith. *Johnson*, 9 F.4th at 1314 (alteration adopted) (internal quotation marks omitted). We thus conclude that the district court acted well within its discretion in imposing sanctions on Gulisano.

Gulisano's arguments against the sanctions order are unpersuasive. He asserts that the court improperly punished his conduct throughout the litigation rather than looking solely at the challenged motion. But to determine whether the motion to amend

judgment warranted sanctions, the court had to examine whether Gulisano conducted a reasonable inquiry before filing the motion. It thus was required to look beyond the four corners of the motion to the attorney's conduct. *See McGreal*, 87 F.3d at 1254–55 (affirming sanctions on an attorney who accepted his client's assertions without questioning the client about damages, obtaining or examining any data, or contacting a third party who could shed light on the claim's validity). The district court properly considered Gulisano's reasonable-inquiry conduct preceding the filing of the motion to amend judgment.

Gulisano also argues that the sanctions motion flouted Rule 11's safe harbor provision. The safe harbor provision requires the moving party to serve the motion for sanctions on the nonmoving party and give it 21 days to withdraw the offending pleading before filing the motion with the district court. Fed. R. Civ. P. 11(c)(2). Gulisano does not argue that BSI and BCFWC failed to do that. Rather, he argues that the sanctions were aimed at conduct that had already taken place and could not be withdrawn. Although the district court considered Gulisano's prior conduct, it imposed sanctions based on the motion itself. The court stated, "[C]ontinuing to argue Plaintiff's entitlement to collect the Final Judgment amount from corporate entities not named or involved in the instant action *by filing and defending the instant Motion*[], despite the utter lack of legal or factual support, is precisely the type of conduct subject to Rule 11's duty of candor." Doc. 50 at 16 (emphasis added). Gulisano admits that he could have withdrawn the motion. Thus, the

20-12660              Opinion of the Court              17

district court acted within its discretion when it imposed sanctions on a motion that could have been withdrawn under the safe harbor provision.[7]

## B.    The District Court Acted Within Its Discretion in Denying Gulisano's Motion for Reconsideration.

Gulisano asked the court to reconsider its decision to impose sanctions. After conducting an evidentiary hearing, the district court denied his motion. Gulisano challenges the denial on appeal, but he has abandoned this challenge. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). He failed to support the claim with arguments and citations to authority. *See id.* at 681. Instead, he merely appended, repeatedly, the same sentence to the end of his arguments against sanctions: "In the alternative, the court abused its discretion by denying the Appellant's Motion for Reconsideration, which raised this issue as grounds for doing so." Appellant's Brief at 39, 43, 47, 52, 54. These appended sentences are mere "passing references" that cannot raise an issue for appellate review. *Sapuppo*, 739 F.3d at 681. We consider the issue abandoned.

---

[7] Gulisano contends that the amount of attorney's fees awarded as sanctions was too high because BSI failed to mitigate its damages. This argument lacks merit. First, it is, at best for Gulisano, unclear whether any duty to mitigate damages was owed. Second, BSI asked Gulisano to withdraw the motion to amend judgment, and Gulisano refused, forcing BSI to incur attorney's fees in defending against the motion. So, it seems to us that Gulisano himself prevented BSI from mitigating its damages.

Were we to reach the merits, however, we would affirm the district court's denial of the Rule 59(e) motion for reconsideration. The court found that the motion "amount[ed] to no more than disagreement with the Court's reasoning and ultimate conclusions." Doc. 70 at 10. It failed to establish a clear error of law or manifest injustice as required. Because the motion merely "relitigate[d] old matters," the district court was within its discretion to deny it. *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's order imposing sanctions and its denial of the motion for reconsideration.

**AFFIRMED.**