[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10228

Non-Argument Calendar

_____

JESSE REGALADO,

Plaintiff-Appellant,

*versus*

ATRIUM HEALTH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:23-cv-00114-WMR

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jesse Regalado, proceeding *pro se*, appeals the district court's dismissal of his claims against Atrium Health and some motions he filed. Mr. Regalado asserted claims for copyright infringement, misappropriation of a trade secret, conversion, and filing of false documents under Georgia law. The district court granted Atrium Health's motion to dismiss for failure to state a claim, and also denied Mr. Regalado's motions for recusal and for reconsideration. The district court denied these motions. Upon careful review, we affirm the district court's rulings.

## I

Mr. Regalado is a resident of Trion, a town in Chattooga County, Georgia. In April of 2021, he fell ill and required medical attention. Because Chattooga County had no hospital or emergency health care facility at the time, he drove to Rome, Georgia—a city in neighboring Floyd County—for medical attention. Following this experience, Mr. Regalado began researching ways to convince local officials to build a hospital in Trion.

According to Mr. Regalado, a certificate of need is required to build a health care facility in towns or cities of a certain size. Mr. Regalado alleges that another Georgia county, Dalton County, obtained a certificate of need based on the Spanish flu pandemic. Accordingly, Mr. Regalado concluded that Trion could use the Covid-19 pandemic as the basis to obtain a certificate of need. To that

end, Mr. Regalado prepared a Google Slides presentation with information on how local officials could build a hospital in Trion.

In October of 2021, Mr. Regalado met with Trion's Mayor, Larry Stansell, and shared with him his idea of building a healthcare center in Trion. According to Mr. Regalado, Mr. Stansell responded with hostility until Mr. Regalado assured him that Trion could obtain a certificate of need because of the Covid-19 pandemic. Mr. Stansell also told Mr. Regalado that he had been trying for two decades, without success, to build a hospital in Trion. Mr. Regalado then promised to email his plans to Mr. Stansell after their meeting. Mr. Regalado's plans were detailed in the Google Slides presentation, which he emailed to Mr. Stansell the following day. Mr. Regalado also personally delivered a physical copy of the Google Slides to Mr. Stansell's office.

In November of 2021, Trion elected a new Mayor, Mr. Lanny Thomas. Mr. Regalado met with Mr. Thomas and told him about his idea of building a healthcare center in Trion. In January of 2022, Mr. Regalado emailed the Google Slides to Mr. Thomas and personally delivered a physical copy to Trion's City Hall.

On February 28, 2022, Mr. Regalado returned to Trion's City Hall to meet with Mr. Thomas again. Mr. Thomas was unavailable, but his secretary told Mr. Regalado that his plans had been sent to other local officials, including Mr. Blake Elsberry, who was a Commissioner for Chattooga County.

On the same day, Mr. Regalado met with Mr. Elsberry and shared with him his idea. He also told Mr. Elsberry about his discussions with the former and current Mayors of Trion. According

to Mr. Regalado, Mr. Elsberry said that he also had plans of building a hospital in Trion.  As he had with the other local officials, Mr. Regalado sent Mr. Elsberry a copy of the Google Slides via email and personally delivered a physical copy to Mr. Elsberry's secretary.

Mr. Regalado did not receive a response from any of the Chattooga County officials.

In August of 2022, however, Mr. Regalado discovered through a billboard that Atrium Health planned to build an emergency 24-hour healthcare facility in Trion.  Believing that Atrium Health had wrongfully obtained his plans from Chattooga County officials, Mr. Regalado filed a complaint in the district court asserting claims of copyright infringement, misappropriation of a trade secret, conversion, and filing of false documents.

Atrium Health filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Regalado had failed to state any claims upon which relief could be granted.  The district court agreed and granted the motion to dismiss.  As to the copyright claim, the district court ruled that Mr. Regalado had not stated a claim because he failed to allege anything beyond the theft of his idea.  With respect to the trade secret claim, the district court concluded that Mr. Regalado's claim failed  because he had not alleged that he took reasonable efforts to maintain the confidentiality of his research plans.  The district court also reasoned that the conversion claim was preempted under Georgia law, and that the claim of filing false documents was unsupported by any factual allegations and legally unavailable as a cause of action.

24-10228                Opinion of the Court                5

Mr. Regalado subsequently filed a motion asking the district court to reconsider its dismissal of his complaint.  In his motion, Mr. Regalado argued that the district court had erroneously applied "the collateral estoppel and re[s] judicata [d]octrine[s]. . ." and that it "erred in failing to apply [j]udicial [e]stoppel."  The district court denied this motion.  In doing so, it noted that its dismissal of Mr. Regalado's complaint was not based on any of the grounds he asserted in his motion for reconsideration, and that he could not raise arguments for the first time in a motion for reconsideration.

Shortly after he filed his complaint against Atrium Health, Mr. Regalado filed a motion for recusal.  He asserted that recusal was warranted because the district judge was biased for various reasons including religion, race, political affiliation, and familiarity with his case against the Chattooga County officials.  Mr. Regalado also asserted that the district judge was hostile towards him and did not let him argue or speak in court.  The district court denied his motion because it concluded that Mr. Regalado had failed to assert a valid ground for recusal.

Separately, Mr. Regalado filed suit against Chattooga County, the Town of Trion, and the City of Summerville pursuant to 42 U.S.C. § 1983.  That case was assigned to the same district judge presiding over Mr. Regalado's case against Atrium Health.  The county officials moved for dismissal for failure to state a claim, and the district court granted their motion.[1]

---

[1] Mr. Regalado appealed that dismissal, but we affirmed.  *See Regalado v. Town of Trion*, No. 23-12258 (11th Cir. Mar. 14, 2024).

Mr. Regalado now appeals the district court's dismissal of his complaint as well as the denial of his motions for reconsideration and recusal.

## II

We review a district court's grant of a Rule 12(b)(6) motion *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Although we construe *pro se* pleadings liberally, ". . .we require[ ] them to conform to procedural rules." *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1189 (11th Cir. 2002).

We review a district court's rulings on a motion to recuse for abuse of discretion. *See Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001). The same deferential standard applies to our review of a district court's denial of a motion for reconsideration. *See Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941 (11th Cir. 2022).

## III

Mr. Regalado argues that the district court improperly dismissed his claims of copyright infringement and misappropriation of a trade secret. For the reasons set forth below, we conclude that these claims were properly dismissed.[2]

---

[2] Mr. Regalado challenges the district court's Rule 12(b)(6) rulings only as to his claims of copyright infringement and misappropriation of a trade secret. Mr. Regalado does not challenge the district court's rulings on his claims of

## A

To assert a claim of copyright infringement, a plaintiff must allege two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The first element requires compliance with 17 U.S.C. § 411(a), the applicable statute, and pursuant to § 411(a), "[r]egistration of a copyright is a precondition to filing suit for copyright infringement." *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017). Copyright protection extends to the expression of an idea, but it does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).

Mr. Regalado's copyright claim was properly dismissed because he failed to allege registration of a copyright. Indeed, he alleged the opposite. According to Mr. Regalado, his placement of the copyright symbol on his Google Slides meant that he was not "require[d] [to] regist[er]" his plans because they were already protected. Although Mr. Regalado is correct that registration is not required for protection to attach, registration is required to bring a lawsuit for copyright infringement. *See* 17 U.S.C. § 411(a) ("[N]o

conversion and filing of false documents under Georgia law. He has abandoned those claims, and we, therefore, do not review the district court's rulings on them. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1335 (11th Cir. 2004) (explaining that we will not address claims that have been abandoned on appeal).

civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). *See also Fourth Estate*, 856 F.3d at 1339. Because Mr. Regalado failed to allege registration, his copyright claim was properly dismissed.

**B**

The district court also properly dismissed Mr. Regalado's claim of misappropriation of a trade secret. To assert a claim of misappropriation of a trade secret claim under federal law and Georgia law, a plaintiff must allege that "(1) [he] had a trade secret and (2) the opposing party misappropriated the trade secret." *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1290–91 (11th Cir. 2003). Both federal and Georgia law define a trade secret as any form and type of information that "derives independent economic value" and that which an owner has taken "reasonable" measures to keep secret. *See* 18 U.S.C. § 1839(3); O.C.G.A. § 10-1-761. Accordingly, to assert a claim of misappropriation of a trade secret, the plaintiff must sufficiently allege that he took reasonable steps to maintain the secrecy of a trade secret freely shared with third parties. *See Cap. Asset Rsch. Corp. v. Finnegan*, 160 F.3d 683, 686 (11th Cir. 1998). Mr. Regalado's complaint did not do so.

Mr. Regalado did not, for example, allege that he asked any of the local officials or their staff to keep his Google Slides and their content confidential. *See Penalty Kick Mgmt. Ltd.*, 318 F.3d at 1291–92 (holding that oral insistence of confidentiality and a written non-disclosure agreement were reasonable efforts to maintain secrecy). Indeed, anyone with access to the Google Slides could access them.

He also did not allege that the Google Slides were marked confidential. *See Advantor Sys. Corp.*, 678 F.App'x 839, 855–56 (11th Cir. 2017) (finding that labeling instruction manuals as confidential and warning against distribution were reasonable efforts to maintain secrecy).

Mr. Regalado alleged only that, although he provided his Google Slides to a number of local officials and their office staff, he took "great efforts to keep the plans a secret." This allegation is insufficient to survive a motion to dismiss. *See Oxford Asset Mgmt., Ltd.*, 297 F.3d at 1189 ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Because Mr. Regalado failed to allege that he undertook reasonable measures to maintain secrecy, the district court properly dismissed his claim.

## IV

Mr. Regalado also challenges the district court's denial of his motion for reconsideration. We find no abuse of discretion in the court's denial.

As an initial matter, Mr. Regalado's arguments in support of reconsideration were asserted for the first time in his motion. He made none of these arguments in opposition to Atrium Health's motion to dismiss. A motion for reconsideration generally cannot be used to "raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Additionally, Mr. Regalado sought reconsideration on grounds the district court had neither considered nor relied on in

its dismissal of his complaint. The district court, for example, had not relied on collateral estoppel or res judicata. Consequently, the district court did not abuse its discretion in denying the motion for reconsideration.

## V

Mr. Regalado also argues that the district court abused its discretion in denying his motion for recusal. We disagree.

A district judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice concerning a party," has participated as counsel in the matter, or has a financial interest in the matter. *See* 28 U.S.C. § 455(a), (b). "[O]rdinary efforts at courtroom administration"— including "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses"—are generally not reasons that warrant recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000) (quoting *Liteky*, 510 U.S. at 555).

In his motion for recusal, Mr. Regalado argued that the district judge was biased because it "acted as a bully" and "act[ed] as the [d]efendant['s] lawyer. . . ." Mr. Regalado also asserted that the district judge's political affiliation, race, and familiarity with his

medical records and his action against the Chattooga local officials suggested bias and impartiality.

Nothing in the record supports Mr. Regalado's claims of bias, impartiality, or mistreatment. The district court's rulings, as well as its adjudication of Mr. Regalado's case against the Chattooga local officials, fall within the scope of "ordinary efforts at courtroom administration." *Liteky*, 510 U.S. at 556. We have not found, and Mr. Regalado has not identified, anything in the record that gives us "significant doubt" about the district court's impartiality. *See Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Accordingly, we affirm the district court's denial of Mr. Regalado's motion for recusal.

## V

For the reasons set forth above, we affirm.

**AFFIRMED.**