**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10866
Non-Argument Calendar
_____

KENNETH CAREY,
STEVE ANYADIKE,

*Plaintiffs-Counter Defendants-Appellants,*

*versus*

JONATHAN KIRK,
   Individually, a.k.a. DaBaby,

*Defendant-Counter Claimant-Appellee,*

KHALIK CALDWELL,
   a.k.a. Stunna 4 Vegas, et al.,

*Defendants,*

UNIVERSAL MUSIC GROUP, INC.,
   a Colorado Corporation,
INTERSCOPE RECORDS,

2                    Opinion of the Court                    25-10866

a Colorado Corporation,

*Defendants-Appellees.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20408-JEM

_____


_____

No. 25-11748
Non-Argument Calendar
_____

KENNETH CAREY,
STEVE ANYADIKE,

*Plaintiffs-Counter Defendants-Appellants,*

JONATHAN MAY,
THE LIONS' DEN, ATTORNEY'S AT LAW,

*Interested parties-Appellants,*

*versus*


JONATHAN KIRK,
  Individually, a.k.a. DaBaby,

*Defendant-Counter Claimant-Appellee,*

KHALIK CALDWELL,
  a.k.a. Stunna 4 Vegas, et al.,

*Defendants,*

UNIVERSAL MUSIC GROUP, INC.,
  a Colorado Corporation,
INTERSCOPE RECORDS,

a Colorado Corporation,

*Defendants-Appellees.*

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20408-JEM

_____

Before ABUDU, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM:

This consolidated appeal concerns three related motions for sanctions. First, Defendants-Appellees Jonathan Kirk (Kirk) and Billion Dollar Baby Entertainment, LLC (BDBE) moved for sanctions pursuant to Federal Rule of Civil Procedure 11(c). Second, Defendants-Appellees Universal Music Group, Inc. (UMGI) and Interscope Records (Interscope) moved for sanctions pursuant to Federal Rule of Civil Procedure 11(c).[1] These first two motions sought sanctions against Plaintiffs-Appellants Kenneth Carey and Steve Anyadike (collectively, Appellants), Appellants' counsel Jonathan May, Esq., and May's law firm, The Lions' Den, Attorneys at Law,[2] in connection with Appellants' civil conspiracy claims, which were dismissed by the district court. Last, Kirk moved for sanctions including an award of attorney's fees against Appellants' counsel and renewed a

_____

[1] When referencing all Defendants together, we will identify them as Appellees.

[2] For the sake of clarity, we will refer to May and Lions' Den as Appellants' counsel for the remainder of the opinion.

motion for fees, seeking sanctions under both 28 U.S.C. § 1927 and the court's inherent authority.

On appeal, Appellants argue that the district court abused its discretion when it imposed sanctions against Appellants' counsel, and the court abused its discretion when it denied their motion to recuse the district judge. After careful review, we affirm.

## I.    Background

Appellants are music event planners that book rap artists for performances, and Kirk is a rap artist professionally known as "DaBaby." In January 2020, Kirk and Appellants entered into a contract where Kirk agreed to appear at Café Iguana Pines in Pembroke Pines, Florida, for a party hosted by another artist. Kirk also agreed to promote his presence at the event on social media. Hours before the event was set to begin, Kirk and Appellants had an altercation at the Novotel Hotel over payment. These interactions form the basis of Appellants' claims in this case.

In November 2021, Appellants, through their counsel, sued Appellees, asserting eight claims: (1) breach of contract; (2) intentional assault; (3) intentional battery; (4) promissory estoppel; (5) civil conspiracy; (6) defamation; (7) intentional infliction of emotional distress; and (8) civil theft. Relevant to this appeal, the complaint alleged the existence of a conspiracy between Appellees that "implemented a Marketing Plan and Scheme/Show that includes attacking and hurting innocent people, mostly African

Americans, for the purposes of gaining news coverage and notoriety for their financial gain and they have gained incredible amounts of influence and power from their illegal, criminal scheme."

Kirk and BDBE jointly moved to dismiss the amended complaint. Before the motion to dismiss was fully briefed, Kirk and BDBE jointly moved for summary judgment. BDBE moved for summary judgment against Appellants on all seven claims against it, and Kirk moved for summary judgment against both Appellants on all claims except the following: breach of contract by Anyadike only, assault, and battery. Appellants moved for summary judgment against Kirk and BDBE on all eight claims. While these were pending, Kirk and BDBE moved for sanctions pursuant to Rule 11(c). UMGI and Interscope each independently moved to dismiss the amended complaint. The court granted both motions to dismiss. Then UMGI and Interscope moved for similar sanctions under Rule 11(c).

The court denied Kirk and BDBE's motion to dismiss as moot. The court granted summary judgment to BDBE on all claims against it, granted Kirk summary judgment in part, and granted Anyadike summary judgment in part.[3]

The only claims that remained for trial were Anyadike's breach of contract claim against Kirk, a determination of damages

---

[3] The district court granted summary judgment for Kirk on the following claims: breach of contract by Carey, promissory estoppel, civil conspiracy, defamation, intentional infliction of emotional distress, and civil theft. The court granted summary judgment for Anyadike on the assault and battery claims.

for Anyadike's assault and battery claims against Kirk, Carey's assault and battery claims against Kirk, and Kirk's two counterclaims against Appellants for common law invasion of privacy and unauthorized use of name or likeness. These claims ended in a jury verdict. After a trial in December 2022, the jury awarded Anyadike $100 on his assault and battery claims against Kirk and awarded Kirk $100 on his counterclaims against Appellants. Kirk was found not liable for Carey's alleged assault and battery.

After trial, the court held a sanctions hearing. Following our prior affirmance of the appeal on the merits, *Carey v. Kirk*, No. 23-10308, 2024 WL 3200475, at *2 (11th Cir. June 27, 2024) (per curiam), the district court imposed Rule 11 sanctions against Appellants' counsel and denied sanctions against Appellants individually. *Carey v. Kirk*, No. 21-20408-CIV, 2025 WL 850256, at *2 (S.D. Fla. Feb. 13, 2025). The court found that Appellees were entitled to sanctions because Appellants' counsel should have been aware that the civil conspiracy claims were frivolous. *Id.* at *25. The court denied the § 1927 sanctions motion, finding any damages from Appellants' pursuit of frivolous claims were "redressed by the Rule 11 motions." *Id.* at *2, *25.

Over two years after the close of trial, Appellants moved to recuse the district judge, which was denied two days later. Appellants timely appealed that order. The district court issued an order on the amount of attorney's fees. The total fees awarded against Appellants' counsel amounted to $984,451. Appellants timely appealed that order.

## II.    Sanctions

Appellants' counsel first argues that the sanctions imposed by the district court against them were improper and should be dismissed.[4] "We review a district court's imposition of Rule 11 sanctions for abuse of discretion." *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941 (11th Cir. 2022). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or bases the decision upon findings of fact that are clearly erroneous." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010).

Federal Rule of Civil Procedure 11 "imposes an affirmative duty on an attorney to conduct a reasonable inquiry into both the facts and the law before filing a pleading or motion." *Gulisano*, 34 F.4th at 942. If an attorney violates that duty, then the district court "may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). We have held that a district court may impose Rule 11 sanctions in

---

[4] Appellants' brief does not clearly challenge the award of attorney's fees. Appellants' counsel argues only that "the amount of sanctions was improper" and "award[ing] fees to a nonexisting party does not make sense." Later in their reply brief, they argue that the fees were "improper and extraordinarily harsh." But "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Appellants' counsel has not offered a single factual or legal argument in support of his challenge of attorney's fees. While we liberally construe a *pro se* litigant's arguments, May, as a barred Florida attorney, has the requisite expertise to properly brief these issues and failed to do so in remarkable fashion. Thus, the argument is abandoned. *Id*. at 683.

three specific circumstances: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quotation marks omitted).

In deciding whether to impose Rule 11 sanctions, courts consider "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Gulisano*, 34 F.4th at 942 (quotation marks omitted). "A legal claim is frivolous when it has no reasonable chance of succeeding." *Id.* "A factual claim is frivolous when it has no reasonable factual basis." *Id.*

The court did not abuse its discretion by imposing sanctions against Appellants' Counsel. Appellants' counsel argues that there was sufficient factual and legal support for the conspiracy claim against Appellees. We disagree. The well-reasoned district court sanctions order provides extensive detail of their failure to provide any factual or legal support for Appellants' conspiracy claim. On appeal, Appellants' counsel has failed to present us with any record evidence or law that challenges the district court order. Instead, Appellants' counsel briefly relies on evidence that was inadmissible at trial under Federal Rule of Evidence 404(b), other unrelated high-profile criminal cases, and their own opinion speculating

25-10866                Opinion of the Court                9

about the conspiracy. The district court provided Appellants' counsel with ample time to investigate and produce relevant facts. Their failure to do so is a clear indication that the claims were frivolous.

Additionally, Appellants' counsel relies on the frivolous legal argument that Kirk and BDBE, a company that Kirk solely owns, conspired to perpetuate violence. "Simply put, under the doctrine [of intracorporate conspiracy], a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). Kirk, as the sole employee of BDBE, cannot conspire against himself. The district court was correct in finding that Appellants' counsel have presented "no argument to overcome or change the intra-corporate conspiracy doctrine, much less a reasonable one." *Carey*, 2025 WL 850256, at *30.[5]

In the continued absence of any factual or legal support for the claims of conspiracy, we affirm the district court's imposition of sanctions against Appellants' counsel.

---

[5] Appellants' counsel argues for the first time on appeal that the personal stake exception applies to the conspiracy claim. "Under this exception, where an agent has a personal stake in the activities separate from the principal's interest, the agent can be liable for civil conspiracy." *Mancinelli v. Davis,* 217 So. 3d 1034, 1037 (Fla. Dist. Ct. App. 2017) (quotation marks omitted). But Appellants' counsel has provided no factual support for this alternative conspiracy theory. Thus, the claim is frivolous because it has no chance of succeeding. *See Gulisano v. Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022).

### III.    Recusal

Next, Appellants argue that the district court erred in denying their motion to recuse the district judge. We review a district court's denial of a recusal motion for abuse of discretion. *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994) (per curiam).

A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test under section 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). "Disqualification under section 455(a) is required only when the alleged bias is personal in nature," meaning that it stems from an extra-judicial source. *Loranger*, 10 F.3d at 780.

Appellants have not shown that the district judge abused his discretion for failing to recuse himself. Appellants argue that the sanctions imposed on Appellants' counsel along with statements made during trial "would lead a lay person to gain considerable doubt about the judge's impartiality." Both arguments are meritless. First, an adverse judicial ruling alone "almost never constitute[s] a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). On its own, the sanctions order is not enough to question the district court's impartiality. The order was replete with well-reasoned arguments and specific examples of

25-10866                Opinion of the Court                11

Appellants' counsel' failure to provide support for his conspiracy claim.

Second, the statements that Appellants identify as a source of personal bias are at most "expressions of impatience, dissatisfaction, annoyance, and even anger." *Id*. at 555–56. Appellants suggest nothing from the record that would support a finding of "deepseated and unequivocal antagonism." *Id*. at 556. After reviewing the comments cited by Appellants in the full context of the trial, there is clear evidence of frustration by the district court. But frustration alone does not amount to bias. We have found nothing in the record that gives us "significant doubt" about the district court's impartiality. See *Parker*, 855 F.2d at 1524.

Appellants have not shown any evidence of judicial bias, much less an abuse of discretion. Thus, we affirm the denial of the motion to recuse.

**AFFIRMED.**