**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11813

Non-Argument Calendar

————————————————

ALAINA TROCANO,
   an individual,

                             *Plaintiff-Appellee,*

*versus*

MICHAEL VIVALDI,
   an individual,

                             *Defendant-Appellant,*

AMERICAN AIRLINES GROUP, INC.,
   a foreign profit corporation, et al.,

                             *Defendants.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00645-JES-KCD

————————————————

Before ROSENBAUM, GRANT, and HULL, Circuit Judges.

PER CURIAM:

In July 2023, Alaina Trocano—a flight attendant employed by American Airlines, Inc. ("American Airlines")—sued (1) her co-worker Michael Vivaldi for defamation and (2) American Airlines for federal employment discrimination and various state-law torts. Trocano asserted that Vivaldi defamed her by posting statements on the internet in January and February 2021 about her participation in the events that occurred at the United States Capitol on January 6, 2021.

Defendant Vivaldi moved to dismiss the defamation claims as barred by the two-year statute of limitations under Florida law. *See* Fla. Stat. § 95.11(5)(h). Vivaldi also moved for sanctions under Federal Rule of Civil Procedure 11 against Trocano and her lawyer. The district court granted Vivaldi's motion to dismiss but denied his motion for Rule 11 sanctions. Vivaldi appeals that denial.

After review, we affirm the district court's denial of Vivaldi's motion for Rule 11 sanctions.

## I. BACKGROUND

### A.    The Complaint

On July 14, 2023, Trocano filed a counseled complaint in Florida state court against Vivaldi and American Airlines.[1] Trocano's complaint asserted these claims: (1) defamation against

---

[1] Trocano initially sued "American Airlines Group, Inc." but later with the district court's permission substituted that defendant with the correct entity, "American Airlines, Inc."

Vivaldi ("Count 1"); (2) defamation *per se* against Vivaldi ("Count 2"); (3) negligent supervision against American Airlines ("Count 3"); (4) negligent infliction of emotional distress against American Airlines ("Count 4"); (5) hostile work environment racial discrimination under Title VII of the Civil Rights Act of 1964 against American Airlines ("Count 5"); (6) Title VII hostile work environment religious discrimination against American Airlines ("Count 6"); (7) Title VII retaliation against American Airlines ("Count 7"); and (8) Title VII disparate treatment racial discrimination against American Airlines ("Count 8").

American Airlines removed the case to federal court based on federal question jurisdiction. *See* 28 U.S.C. § 1331. Because American Airlines is not a party to this appeal, our factual background focuses on Trocano's defamation claims against Vivaldi.

Trocano's complaint alleged these facts. On January 8, 2021, Vivaldi posted a petition on the website "change.org" titled "Fire & prosecute flight attendant/domestic threat Alaina Trocano!" The petition was created by a group called "Attendants for Justice," which Trocano alleged Vivaldi led. For simplicity, we use the term "Vivaldi's petition."

4                    Opinion of the Court                    25-11813

Vivaldi's petition stated that Trocano participated in the events that occurred at the U.S. Capitol on January 6, 2021.[2] Vivaldi's petition sought to have Trocano fired from her position at American Airlines and prosecuted by the federal government based on her actions on January 6. Additionally, on January 9, 2021, Vivaldi posted a video of Trocano at the Capitol to his YouTube account, encouraged people to share the petition on his personal social media, and updated the petition with new statements. The petition was updated with similar statements about Trocano on January 10, January 14, and February 1, 2021. One of the updates stated that Trocano violated a federal statute—18 U.S.C. § 1752— by trespassing on restricted government property.

Because of Vivaldi's petition, Trocano alleged that she was contacted by news stations and bullied on social media. Trocano contacted American Airlines's Human Resources ("HR") department, which subjected her to "interrogations" instead of addressing her issues relating to the petition. Trocano reported to HR that she was being harassed by other flight attendants, who (1) directed "racist comments" at her because she was white, (2) kicked her chair, (3) intimidated her, (4) harassed her on social media. Trocano also noted that "[a]dditional people" began calling her a terrorist and a racist. Trocano attended a series of meetings

---

[2] Trocano's complaint never affirmatively stated that she was present at the U.S. Capitol on January 6, but many of her statements strongly indicate that she was.

with HR, but they did nothing to help her with the harassment she was receiving.

Trocano asserted that Vivaldi's statements in the online petition from January and February 2021 constituted defamation and defamation *per se*.

## B. Motion to Dismiss and Amended Motion to Dismiss

In August 2023, defendant American Airlines moved to dismiss Counts 3 and 4 of the complaint for failure to state a claim. It argued, among other things, that Trocano's claims were barred by the statute of limitations.

In September 2023, defendant Vivaldi filed a *pro se* document that the district court clerk labeled as an answer. In that document, Vivaldi contested many of the allegations in Trocano's complaint and requested that the "case be dismissed." Subsequently, Vivaldi obtained counsel, who asserted that the *pro se* document was actually a "motion to dismiss" and requested to file an amended motion to dismiss.

During a pretrial status conference, a magistrate judge addressed Vivaldi's motion to file an amended motion to dismiss. Trocano explained that she opposed Vivaldi's motion because she did not want to permit Vivaldi to "resurrect" any affirmative defenses that he waived in his *pro se* filing, including "statute of limitations arguments."

The magistrate judge did not rule on Vivaldi's motion at the hearing but explained that Federal Rule of Civil Procedure 6 was

very liberal, and it was typical to permit amendments of *pro se* pleadings when counsel is retained.  The magistrate judge directed Trocano to file a response to Vivaldi's motion but warned, "I certainly don't want to see a frivolous response objecting to their motion to amend the pleadings, which they generally have every right to do at this early stage, especially since [Vivaldi] filed something that's *pro se* and now he has counsel."

Ultimately, on October 31, 2023, the magistrate judge granted Vivaldi's motion to file an amended motion to dismiss.

In his amended motion to dismiss, also filed on October 31, 2023, Vivaldi argued, among other things, that Trocano's defamation claims were barred by the two-year statute of limitations.  Vivaldi asserted that any defamation claim based on the statements alleged in the complaint accrued at the latest by February 1, 2021, which was more than two years before Trocano filed her complaint in July 2023.  Vivaldi also contended that the defamation claims should be dismissed on the merits.

## C.    Motion for Sanctions

On November 3, 2023, Vivaldi also filed a motion for Rule 11 sanctions against Trocano and her counsel.  Vivaldi argued that the district court should sanction Trocano and her counsel because the defamation claims were frivolous.  Vivaldi asserted that the defamation claims were frivolous for some of the same reasons as he stated in his amended motion to dismiss.

Vivaldi attached to his motion a letter that he sent to Trocano's counsel on October 12, 2023.  In that letter, Vivaldi

informed Trocano's counsel about his intention to file the sanctions motion in compliance with Rule 11's safe-harbor provision. *See* Fed. R. Civ. P. 11(c)(2).

### D.    Trocano's Response: Two Amended Complaints

Immediately thereafter, on November 9 and 10, 2023, Trocano attempted to file two amended complaints. In those complaints, Trocano added allegations regarding defamatory statements that Vivaldi made about her in August and October 2023. Such statements were within the two-year statute of limitations.

The magistrate judge then directed Trocano to file a notice as to whether she had received the defendants' written consent to file an amended complaint, warning that, if she did not receive such consent, the amended complaints would be stricken. Instead of filing such a notice, Trocano filed a motion for leave to file an amended complaint. In that motion, Trocano noted that both Vivaldi and American Airlines objected to the amendment.

After Trocano filed her motion, the magistrate judge struck her November 9 and 10 amended complaints. The magistrate judge also directed Trocano to show cause as to why she had failed to respond to Vivaldi's motions for dismissal and sanctions. Subsequently, Trocano filed responses to those motions.

In response to the sanctions motion, Trocano stated that she believed that her proposed amended complaint mooted Vivaldi's request for sanctions. Specifically, Trocano argued that the addition of allegations about defamatory statements that Vivaldi

made in August and October 2023 would undermine Vivaldi's statute-of-limitations argument. Trocano contended that the defamation claims in the proposed amended complaint no longer focused on the January and February 2021 statements.

In response to Vivaldi's motion to dismiss, Trocano acknowledged that any statements that Vivaldi made outside of the statute-of-limitations period were not actionable. However, Trocano asserted that Vivaldi's motion to dismiss would be moot if she was permitted to amend her complaint because her proposed amended complaint concerned only statements that Vivaldi made within the statute-of-limitations period. Trocano added that the allegations about the statements Vivaldi made outside of the statute-of-limitations period "would only be considered background."

### E.     Orders Denying Motions to Amend the Complaint

In December 2023, the magistrate judge denied Trocano's motion to amend her complaint. The magistrate judge reasoned that Trocano could not amend her complaint as of right under Federal Rule of Civil Procedure 15(a)(1) because American Airlines had filed a motion to dismiss long before Trocano filed her motion to amend. Additionally, the magistrate judge concluded that providing Trocano leave to amend the complaint under Rule 15(a)(2) was not warranted because the deadline for Trocano to amend her complaint in the scheduling order had lapsed "several days" before she filed her motion to amend.

Trocano filed two more motions to amend her complaint. The magistrate judge denied both motions. The magistrate judge denied the first motion for failure to comply with procedural requirements. The magistrate judge denied the second motion because Trocano failed to provide a good-cause explanation as to why she did not seek to amend the complaint until after the scheduling-order deadline had lapsed.

### F.    March 12, 2024 Dismissal Order

On March 12, 2024, the district court granted Vivaldi's motion to dismiss without prejudice.[3] The district court concluded that Trocano's defamation claims in her original complaint against Vivaldi were barred by the two-year statute of limitations. The district court concluded that to the extent that the defamation claims were based on Vivaldi's January and February 2021 statements, they were "clearly time-barred," as Trocano had acknowledged.

However, this time the district court granted Trocano leave to file an amended complaint to assert defamation claims against Vivaldi based on statements that she claimed he had made within the statute-of-limitations period.

---

[3] In the same order, the district court granted American Airlines's motion to dismiss Counts 3 and 4 without prejudice. The district court determined that Trocano failed to state a claim for negligent supervision and negligent infliction of emotional distress against American Airlines and also concluded that the negligent-supervision claim was barred by the statute of limitations.

Trocano did not file an amended complaint as the district court permitted.  Instead, Trocano filed a motion for the district court to abstain from jurisdiction over her claims against Vivaldi. Trocano explained that after the magistrate judge denied her last motion to amend the complaint, she filed a separate suit in Florida state court against Vivaldi.  Trocano stated that she did not wish to proceed with her claims against Vivaldi in federal court and requested that the district court abstain from further jurisdiction over those claims.

### G.    May 16, 2024 Order Denying Sanctions Motion

On May 16, 2024, the district court denied Vivaldi's motion for Rule 11 sanctions and denied as moot Trocano's motion to abstain from jurisdiction.  The district court concluded that sanctions were not warranted because Vivaldi did not satisfy the Rule 11 standard in two respects.  First, the district court stated, "Plaintiff's initial pursuit of claims outside the statute of limitations was proper because the statute of limitations is an affirmative defense, . . . which can be waived or forfeited if not asserted by defendant . . . ."  The district court added, "The case clearly involved disputed facts, and First Amendment principles require a discriminating approach to this type of defamation claim."  The district court reasoned that those factors indicated that sanctions were not warranted.

Second, the district court determined that there was no evidence of bad faith by Trocano or her counsel.  It explained that Trocano "did not amend when granted leave to do so, having filed

suit against Vivaldi in state court, and [was] not pursuing the barred claims." The district court reasoned that under the facts, "[t]here [was] no evidence of bad faith, no matter how far apart the parties [might] be as to the facts and law." For those reasons, the district court stated that it "decline[d] to impose sanctions against Vivaldi."

The district court also denied as moot Trocano's motion to abstain from jurisdiction because it had already dismissed Trocano's claims against Vivaldi, and so there was nothing for it to exercise jurisdiction over.

## H.    Notices of Appeal

Vivaldi filed a timely notice of appeal challenging the denial of his sanctions motion. However, this Court dismissed that appeal because the district court had not yet resolved Trocano's remaining claims against American Airlines—Counts 5 through 8.

Back in the district court, American Airlines moved for summary judgment as to the remainder of Trocano's claims against it. On May 28, 2025, the district court granted summary judgment to American Airlines, resolving the pending claims. The district court therefore entered final judgment.

Vivaldi then filed a timely second notice of appeal that designated the May 16, 2024, order denying Rule 11 sanctions. That notice of appeal initiated this appeal.

## II.  DISCUSSION

We review the denial of a motion for Rule 11 sanctions for an abuse of discretion. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir.

2010); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or bases the decision upon findings of fact that are clearly erroneous." *Peer*, 606 F.3d at 1311 (quotation marks omitted) (quoting *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1180 (11th Cir. 2005)).

## A.    Rule 11

"Rule 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry into both the facts and the law before filing a pleading or motion." *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022); Fed. R. Civ. P. 11(b).[4]   If an attorney

---

[4] The full text of Rule 11(b) states,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

violates that duty, then the district court "may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1).

The specific circumstances in which this Court has explained that a district court may impose Rule 11 sanctions are: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). In other words, if a district court concludes that a party or lawyer has violated Rule 11 in any of the three above ways, then the district court "may" sanction the violator but is not necessarily *required* to do so. *See* Fed. R. Civ. P. 11(c)(1).

In deciding whether to impose Rule 11 sanctions, courts consider "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Gulisano*, 34 F.4th at 942 (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "A

---

after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

legal claim is frivolous when it has no reasonable chance of succeeding." *Id.*

## B.    Application of Rule 11

The district court did not abuse its discretion by denying Vivaldi's motion for Rule 11 sanctions.

### 1.    Affirmative Defense

Vivaldi's first argument is premised on the contention that the district court concluded that as a matter of law the application of a waivable affirmative defense could not serve as the basis for Rule 11 sanctions. However, that is a misrepresentation of the record.

The district court did not conclude that Trocano's defamation claims could not be considered objectively unreasonable simply because the basis for dismissal was the statute of limitations, a waivable affirmative defense. Rather, the district court considered the fact that it dismissed the defamation claims based on a waivable affirmative defense as one factor among others that indicated that Rule 11 sanctions were not warranted. The district court did not abuse its discretion in doing so.

A district court may in its discretion impose Rule 11 sanctions against a party or lawyer who pursues a claim that is obviously barred by a waivable affirmative defense like the statute of limitations. *See, e.g.*, *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) ("A plaintiff may be sanctioned under Rule 11 for filing claims barred by res judicata."); *Souran v. Travelers Ins. Co.*, 982 F.2d

1497, 1510 (11th Cir. 1993) (explaining that other courts of appeals "have held that the assertion of a claim knowing that it will be barred by an affirmative defense is sanctionable under Rule 11").

But Vivaldi does not cite to any caselaw in which this Court has held that a district court may not consider the fact that a claim was dismissed based on a waivable affirmative defense as simply one of other factors indicating that Rule 11 sanctions are not warranted. And Rule 11 does not contain any explicit limitation on the factors a district court may consider in determining whether to impose sanctions. *See generally* Fed. R. Civ. P. 11; *see also id.* advisory committee's note to the 1993 amendment ("[Rule 11] does not attempt to enumerate the factors a court should consider in deciding whether to impose a sanction . . . .").

Given the extent of the broad discretion that a district court holds in determining whether to impose Rule 11 sanctions, the district court did not legally err by considering this factor. *See Cooter & Gell*, 496 U.S. at 401-05 (explaining that courts of appeals should review all aspects of a district court's decision whether to impose Rule 11 sanctions under the deferential abuse-of-discretion standard of review); Fed. R. Civ. P. 11 advisory committee's note to the 1993 amendment ("The [district] court has significant discretion in determining what sanctions, if any, should be imposed for a violation [of Rule 11] . . . ."). Therefore, Vivaldi is incorrect that the district court abused its discretion on this ground.

### 2.    Mandatory Rule 11 Sanctions

Second, Vivaldi is incorrect that the district court was required to impose Rule 11 sanctions under these circumstances.

It is true that Trocano's defamation claims were barred by the two-year statute of limitations, as the district court determined. *See* Fla. Stat. § 95.11(5)(h) (providing that the statute of limitations for "[a]n action for libel or slander" is two years). Trocano's defamation claims in her operative complaint were based on publications that Vivaldi allegedly made in January and February 2021. Therefore, Trocano filed her July 2023 lawsuit five months too late. *See Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 114-15 (Fla. 1993); *Swedberg v. Goldfinger's S., Inc.*, 338 So. 3d 332, 335-36 (Fla. Dist. Ct. App. 2022).

Trocano does not dispute this. But once Vivaldi raised that affirmative defense, Trocano promptly sought to amend her complaint to add Vivaldi's later statements that were within the statute of limitations. While the magistrate judge denied her attempt to amend (as several days after the scheduling order deadline), the district court ultimately granted Trocano leave to amend.

Under these factual circumstances, even if the district court *could* have imposed Rule 11 sanctions against Trocano because the defamation claims were barred by the statute of limitations, the court was not *required* to do so. Rule 11 sanctions are discretionary, and Vivaldi does not cite to any precedent indicating that the

district court was required to impose sanctions against Trocano in this case. *See* Fed. R. Civ. P. 11(c)(1) (providing that, when a party violates Rule 11(b), the district court "*may* impose an appropriate sanction" (emphasis added)).

In a few older cases, this Court has stated that district courts are required to impose Rule 11 sanctions in certain circumstances. *See, e.g.*, *Worldwide Primates*, 87 F.3d at 1254 ("If the attorney failed to make a reasonable inquiry, then the court *must* impose sanctions despite the attorney's good faith belief that the claims were sound." (emphasis added)). However, those cases were either based on (1) an outdated version of Rule 11 or (2) cases that relied on the outdated version of Rule 11.

Prior to 1993, Rule 11 stated that a district court "*shall* impose . . . an appropriate sanction" against a party or lawyer who violates the Rule. Fed. R. Civ. P. 11 (1983) (emphasis added). Thus, under that version of Rule 11, a district court was required to impose sanctions against a party or lawyer who violated the Rule. *See Didie v. Howes*, 988 F.2d 1097, 1103-04 (11th Cir. 1993). But in 1993, Rule 11 was amended to instead state that a district court "*may* . . . impose an appropriate sanction" against a party or lawyer who violates the Rule, making the decision to impose such sanctions discretionary. *See* Fed. R. Civ. P. 11(c) (1993).

Vivaldi cites to many cases reviewing district court orders awarding sanctions based on the assertion of objectively unreasonable claims. *See, e.g.*, *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373-88 (4th Cir. 1991) (reviewing whether a district court

abused its discretion by imposing Rule 11 sanctions based on the pre-1993 version of Rule 11). But just because a district court can impose sanctions does not mean that the court is required to do so. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 666 (11th Cir. 2010) (Tjoflat, J., concurring in part and dissenting in part) (explaining that under "Rule 11's plain text," "even in the face of a blatant Rule 11 violation, a district court retains discretion to decide how to sanction the party *or even not to impose sanctions at all*" (emphasis added)); *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994) (stating that, after the 1993 amendment to Rule 11, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory").

For these reasons, Vivaldi is incorrect that the district court was required to impose sanctions and retained no discretion at all.

### 3.    Other Arguments

Lastly, Vivaldi has failed to establish that the district court otherwise abused its discretion. In addition to the above arguments, Vivaldi also argues that (1) the district court should not have considered Trocano's attempts to amend her complaint in deciding whether to impose Rule 11 sanctions, and (2) the district court's decision not to impose sanctions was contrary to Rule 11's public policy.

These arguments are effectively requesting us to second-guess the district court's application of the facts to Rule 11, which is inappropriate under the abuse-of-discretion standard of review. *See Cooter & Gell*, 496 U.S. at 402 ("[T]he district court is

better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11."); *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) ("[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard.").

The district court's decision not to impose Rule 11 sanctions is supported by the record. Most significant is the fact that Trocano did not continue to pursue the barred defamation claims after Vivaldi filed his amended motion to dismiss. Instead, Trocano (1) attempted to file an amended complaint with claims based on statements that Vivaldi made within the statute-of-limitations window, and (2) did not file an amended complaint raising the barred defamation claims when the district court gave her the opportunity to do so.

Contrary to Trocano's argument, the district court's decision not to impose Rule 11 sanctions in this case was consistent with Rule 11's policy goals, in particular the policy behind Rule 11's safe-harbor provision encouraging attorneys to cure potentially sanctionable conduct when served with a sanctions motion. *See* Fed. R. Civ. P. 11(c)(2). Although Trocano did not strictly comply with Rule 11's safe-harbor provision—given that she did not attempt to amend her complaint until shortly after the safe-harbor period expired—her attempts to cure her potentially sanctionable conduct indicated that she was acting in good faith in the spirit of Rule 11. *See id.*

And the district court could consider Trocano's post-filing actions in deciding whether to impose sanctions. It is true that in determining whether a claim is objectively frivolous, district courts should focus on the relevant actor's pre-filing conduct and should "avoid using the wisdom of hindsight." *See Jones*, 49 F.3d at 695 (quoting *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1507 n.12 (11th Cir. 1993)). However, the district court was not thus limited in assessing whether sanctions were appropriate in general regardless of any frivolity conclusion. *See* Fed. R. Civ. P. 11 advisory committee's note to the 1993 amendment ("[Rule 11] does not attempt to enumerate the factors a court should consider in deciding whether to impose a sanction.").

### III.  CONCLUSION

The district court did not abuse its discretion by denying Vivaldi's request for Rule 11 sanctions.

**AFFIRMED.**