[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12788

Non-Argument Calendar

_____

ABDUR-RAHIM DIB DUDAR, PH.D.,

Plaintiff-Appellant,

*versus*

STATE FARM FIRE & CASUALTY INSURANCE,

Defendant-Appellee,

KEN SIMMONS,

Defendant.

_____

2                    Opinion of the Court                    23-12788

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02438-WMR

_____

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal arises from an insurance-coverage dispute between the owner of a rental property, Abdur-Rahim Dudar, and the insurer of that property, State Farm Fire & Casualty Insurance. Dudar sued State Farm in state court alleging breach of contract and other claims. After removal to federal court, the district court entered final summary judgment for State Farm in April 2022. Before appealing, Dudar filed an array of postjudgment motions seeking relief from the judgment. The district court denied each of them, resolving the last two motions in an order dated August 11, 2023, after which Dudar brought this appeal.

Dudar purports to appeal the April 2022 judgment and all subsequent orders denying his postjudgment motions. But in a prior order issued on February 5, 2024, we concluded that his notice of appeal was timely to appeal from the August 11 order only, and that he could not appeal from any other order, including the final order and judgment. As a result, we dismissed the appeal for lack of jurisdiction as to any order or judgment other than the August 11 order. Accordingly, we limit our review to the August 11 order, which denied Dudar's May 2023 motion for relief from the

23-12788              Opinion of the Court                    3

judgment based on fraud or concealment under Rule 60(b)(1)–(3), Fed. R. Civ. P., and his subsequent June 2023 motion for sanctions against State Farm and its attorneys under Rule 11, Fed. R. Civ. P.[1]

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). Likewise, we review the denial of a motion for sanctions for an abuse of discretion. *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1345 (11th Cir. 2022). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

Under Rule 60(b), a district court may set aside a final judgment because of, among other things, (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1)–(3). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

---

[1] Although Dudar appears to disagree with our prior ruling, he has not shown that the jurisdictional dismissal of the appeal in part was erroneous. Dudar invokes Rule 4(a)(4)(A), Fed. R. App. P., but our prior order explains why Dudar's filing of successive postjudgment motions did not further toll the time to appeal the final judgment under that provision.

Under Rule 11, a district court may impose sanctions against an attorney or party who files frivolous pleadings or motions. Fed. R. Civ. P. 11(b), (c). "Rule 11 sanctions are warranted when a party files a pleading or motion that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941–42 (11th Cir. 2022). Under Rule 11's "safe harbor" provision, the party seeking sanctions must serve a copy of the motion on the opposing party 21 days before filing a motion for sanctions under Rule 11. Fed. R. Civ. P. 11(c)(2). The purpose of the safe-harbor provision is to permit correction of the alleged violation without imposing sanctions. *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010).

While Rule 11 motions may be filed even after the court has entered final judgment, *Huggins*, 39 F.4th at 1345–46, they "cannot be filed unless the safe harbor has been satisfied," *id.* at 1347; *see id.* at 1346 ("[A]s long as the safe harbor period elapses, a Rule 11 motion filed after final judgment is allowed."). As we explained in *Huggins*, "[t]he rationale for this rule is simple—when service is skipped or delayed, the safe harbor is not triggered, and Rule 11 motions that evade the opponent's safe harbor review are barred." *Id.* at 1348. To satisfy the safe harbor, according to *Huggins*, "a motion for sanctions must be served at least 21 days before final judgment." *Id.* at 1349. If the party complies with that requirement, the motion "may be filed after final judgment." *Id.* But "a party cannot

delay serving its Rule 11 motion until conclusion of the case." *Id.* at 1348 (quotation marks omitted).

At the outset, we note that Dudar has abandoned any challenge to the denial of his post-judgment motions for sanctions under Rule 11 and for relief from the judgment under Rule 60(b). *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Dudar primarily argues the merits of his claims, but we have previously dismissed the appeal as to the district court's grant of summary judgment. And Dudar has not otherwise addressed the district court's reasons for denying his postjudgment motions, which had to do with matters of timing and procedure, not substance. So "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

In any case, even assuming the issues have been properly preserved, the district court did not abuse its discretion by denying his postjudgment motions in its August 11 order. First, the district court did not err in denying Dudar's Rule 60(b) motion as untimely. Dudar sought relief under Rule 60(b)(1)–(3), so his motion needed to be filed "no more than a year" after the April 2022 judgment. *See* Fed. R. Civ. P. 60(c)(1). Dudar did not file his Rule 60(b) motion until May 19, 2023, more than a year later, making it untimely. Thus, he has not shown that the court applied an incorrect legal

standard, followed an improper procedure, or made a clearly erroneous factual finding in denying his Rule 60(b) motion as untimely. *See Giron*, 15 F.4th at 1345.

Second, the district court did not abuse its discretion by denying Dudar's motion for sanctions for failure to follow proper procedure. As we noted above, motions for sanctions under Rule 11 cannot be filed after final judgment "unless the safe harbor has been satisfied." *Huggins*, 39 F.4th at 1347. That means, as relevant here, serving the motion "at least 21 days before final judgment." *Id.* at 1349. The court found that Dudar did not comply with the safe harbor at all, much less before entry of final judgment in April 2022. Dudar does not dispute that finding. Because Dudar did not comply with the safe-harbor provision, his postjudgment Rule 11 motion was barred. *See id.* at 1347–49. Since we affirm on this ground, we need not consider the court's alternative finding that the motion was not filed within a "reasonable time."

For these reasons, we affirm the district court's order dated August 11, 2023, denying Dudar's postjudgment motions for relief from the judgment under Rule 60(b)(1)–(3) and for sanctions under Rule 11.

**AFFIRMED.**