**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-13674
_____

DINA MENDOZA,

*Plaintiff-Appellant,*

*versus*

AETNA LIFE INSURANCE COMPANY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-22237-RNS
_____

Before NEWSOM, LAGOA, and KIDD, Circuit Judges.

LAGOA, Circuit Judge:

Plaintiff Dina Mendoza appeals the district court's dismissal with prejudice of her suit against Defendant Aetna Life Insurance Company for failure to state a claim.  Mendoza alleges that Aetna violated the Employment Retirement Income Security Act of 1974 ("ERISA") by wrongfully denying coverage for medical expenses arising from her newborn twins' extended hospital stay.  The district court dismissed the complaint on the ground that Mendoza failed to plausibly allege facts establishing that Aetna was the primary insurance carrier responsible for the claimed costs.

After careful review, and with the benefit of oral argument, we agree that the complaint, as pleaded, does not state a plausible claim for relief and therefore affirm the dismissal.  But we remand this matter to allow Mendoza to amend her complaint, if she can, in good faith, correct the deficiencies identified in this opinion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Dina Mendoza gave birth to twin daughters at South Miami Hospital on September 13, 2020.  Unfortunately, the newborn twins experienced health complications which required an extended hospital stay and treatment in the ICU.  In total, the Hospital billed $420,269.00 to Mendoza's insurance carrier, Aetna, for the costs of the newborns' medical treatment.

Aetna, however, denied coverage, maintaining that it was the secondary insurance carrier and responsible only for payment not covered by the primary insurer.  The father of the newborns

also has an insurance plan, but Mendoza maintains that the newborns were never enrolled in the father's plan and that his plan does not provide coverage for the newborns' medical costs, making Aetna the primary insurer. Mendoza therefore twice appealed Aetna's denial decision, to no avail. In rejecting Mendoza's appeals, Aetna explained that it "is the secondary carrier [and] [a]nother carrier is the primary insurer for these charges."

As relevant to this determination, Mendoza's insurance plan includes a coordination of benefits ("COB") provision. Under that provision, when a dependent child is covered by both her parents' insurance plans, the plan of the parent whose birthday falls earlier in the calendar year is deemed the primary carrier. This is known as the "birthday rule." Mendoza does not allege that the father's birthday comes after hers but nevertheless maintains that Aetna is the primary carrier.

On June 6, 2023, Mendoza sued Aetna for violation of § 502(a) of ERISA, alleging that Aetna wrongfully denied her coverage due under her health insurance plan. Aetna moved to dismiss on two independent grounds: (1) failure to state a claim and (2) failure to join an indispensable party. On September 14, 2023, the district court dismissed Mendoza's suit for failure to state a claim, holding that Mendoza failed to plausibly allege that Aetna wrongfully denied coverage. This appeal ensued.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's dismissal of a complaint for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020). To survive a motion to dismiss, a complaint's "allegations must be enough to raise a right to relief above the speculative level" and must plead "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## III.    ANALYSIS

In reviewing ERISA claims, we "[a]pply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is 'wrong' (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision." *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195 (11th Cir. 2010). We agree with the district court's conclusion that Mendoza fails as a threshold matter to plausibly allege that Aetna wrongly denied her coverage for her newborns' medical costs, but we conclude that Mendoza should have been granted leave to amend.

Mendoza's complaint acknowledges that the newborn's father has his own insurance plan. And because Mendoza's plan—attached to the complaint[1]—contains a COB provision, Mendoza

---

[1] Exhibits attached to the complaint are treated as part of the complaint for Rule 12(b)(6) purposes. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012).

was required to plausibly allege facts showing either that the terms of the father's plan did not provide coverage for the newborns' medical costs or that application of the COB provision's birthday rule does not render her insurance plan secondary to the father's plan. But Mendoza did neither.

As the district court explained, Mendoza did not allege "the specific terms of the father's supposedly inapplicable policy that establish the lack of coverage for his children." *Mendoza v. Aetna Life Ins. Co.*, No. 23-22237-CIV, 2023 WL 5979822, at *3 (S.D. Fla. Sept. 14, 2023). By "specific terms," Mendoza could have described the provisions of the father's plan itself—such as terms governing eligibility, dependent or newborn coverage, exclusions, or conditions precedent—that would explain why his plan did not provide coverage for the twins at birth. Instead, Mendoza relies on allegations that the father never chose to "enroll" her or the twins under his policy. That distinction matters because the COB provision in Mendoza's plan turns on whether an individual has "health coverage under more than one health plan," not on whether a dependent was formally enrolled. True, Mendoza comes close by generally asserting that she and the twins "did not have any other insurance or coverage for the above-referenced dates of service(s)." But Mendoza offers no facts showing *why* coverage was unavailable under the father's plan.[2]

---

[2] Notably, although both parties repeatedly referenced the father's insurance policy in their filings, neither Mendoza nor Aetna attached it to the complaint or the motion to dismiss.

Nor did Mendoza allege that "the date of the father's birthday is later than [hers], so [her] Plan must provide primary coverage of the twins on its face." *Mendoza*, 2023 WL 5979822, at *3. That allegation would have provided an independent basis to show that Aetna had misapplied its COB provisions, including the birthday rule, in denying coverage. Absent such factual allegations or attachments, Mendoza does not provide a plausible basis to conclude that Aetna's denial of coverage was made in error.

Mendoza raises three arguments on appeal, none of which are persuasive. First, Mendoza argues that the complaint's allegations adequately support the conclusion that Aetna was the primary carrier. She points to four allegations: (1) she and the newborns "did not have any other insurance"; (2) "the only plan . . . the twins were enrolled in w[as] the Aetna plan"; (3) the twins "did not have any other insurance or coverage for the above-referenced dates of service(s)"; and (4) the father only had a "single person insurance plan."

The problem for Mendoza is that, after sifting fact from conclusory assertion, her allegations merely establish (1) that the father had a single-person insurance plan and (2) that the newborns were eventually *enrolled* in her plan, not the father's. Those facts do not clearly implicate whether the father's plan provided *coverage* for the newborns' medical costs during their ICU stay post-birth.[3] No doubt, Mendoza's allegations are *consistent* with Aetna's liability,

---

[3] Indeed, Mendoza's plan automatically covered newborns for the first 30 days after birth regardless of enrollment.

23-13674                 Opinion of the Court                    7

but, as pleaded in her complaint, without providing factual detail about why the father's plan does not provide coverage, they do not make Aetna's liability *plausible*. *See Turner v. Williams*, 65 F.4th 564, 577 (11th Cir. 2023) (explaining that allegations that are "merely consistent" with liability do not establish "plausibility of entitlement to relief."). As the district court correctly observed, to cross that plausibility threshold, Mendoza needed to allege additional facts supporting her contention that her insurance was primary, i.e., that the terms of the father's plan did not provide coverage for the newborns, and that Aetna thus was the sole provider of coverage for the newborns' medical costs. She failed to do so.

Second, Mendoza argues that her insurance plan does not unambiguously make newborn care coverage contingent on application of the COB provision. So, under Mendoza's theory, even if the birthday rule rendered the father's insurance as the primary carrier, that would not affect Aetna's responsibility to cover the newborn's medical costs. We are not persuaded. Mendoza's plan outlines a general COB provision, which plainly provides that "[w]hen this is the primary plan, we will pay your medical claims first as if the other plan does not exist. When this is the secondary plan, we will pay benefits after the primary plan[.]" *See Crowder*, 963 F.3d at 1203 (in construing an ERISA plan we "first look to the plain and ordinary meaning of the policy terms to interpret the contract").[4]

---

[4] Mendoza notes that her plan's newborn care coverage explicitly excludes services related to home births but does not explicitly exclude coverage when the COB provision applies. She finds the lack of such an exclusion "telling" and

Mendoza does not identify any of her plan's language that creates an exception for newborn care or otherwise removes such claims from the COB framework.

Last, Mendoza argues that the district court impermissibly converted Aetna's 12(b)(6) motion into a motion for summary judgment without providing her proper notice. Mendoza contends that the district court's holding "necessarily" concluded that the COB applied and that the father's insurance was the primary insurance.

Mendoza misreads the district court's decision. The district court stated that, in light of her plan's express COB provision, "[e]ven accepting as true all of [Mendoza's] allegations," it could not plausibly conclude the Aetna provided sole coverage for the newborns' medical bill. The district court made no finding as to whether the father's birthday precedes Mendoza's birthday. It simply stated that Mendoza had not alleged that the father's birthday *did not* precede Mendoza's. Without that crucial allegation, Mendoza failed to plausibly allege that Aetna's denial determination was made in error.

---

contends that it at the very least makes ambiguous whether her plan's newborn care coverage is contingent on the COB provision's application. But there is little reason why the plan would include reference to the COB in a list of *specific* exclusions to newborn care coverage. This is particularly true where the plan's "General Exclusion" section has an "Other primary payer" provision excluding "payment for a portion of the charge that…another party is responsible for as the primary payer."

★ ★ ★

In short, the district court correctly dismissed Mendoza's complaint for failure to state a plausible claim for relief. But the same deficiencies that require dismissal also counsel in favor of permitting amendment. Mendoza's theory of liability rests on the proposition that Aetna wrongfully denied coverage under the COB birthday rule. Yet if, as Mendoza suggests, the father's birthday fell later in the calendar year, that is a concrete factual allegation that should have been pleaded. And if the father's insurance plan did not, in fact, provide coverage[5] for the twins during their post-birth hospital stay, that too is a material fact that should have appeared in the complaint. Either allegation could have supplied the factual

---

[5] As noted above, Mendoza comes close to stating a claim, but she ultimately fails to plausibly allege that the terms of father's insurance plan did not provide coverage for the newborns. Mendoza's allegations focus almost exclusively on enrollment. In paragraph 22 of the Complaint, she explains that the father's plan was a "single person insurance plan" and that neither she nor the twins were "ever enrolled" under it. Paragraph 23 states that the father's employer confirmed the father's plan "never had the twins or Ms. Mendoza enrolled and has always been a single person plan," followed by the assertion that "there is no other coverage available to this family." And in paragraph 27, Mendoza again states that she and the twins "did not have any other insurance or coverage," while emphasizing that the newborns were added to her policy and covered under it. To be sure, these allegations nudge in the direction of a plausible claim. But simply because the father never chose to enroll the twins under his plan does not speak to whether coverage was available in the first place, particularly where newborn coverage may arise automatically by operation of the plan. *See* Fla. Stat. § 627.6575(1) (requiring newborn coverage in group insurance plans).

content necessary to nudge Mendoza's claim from possible to plausible, but both are conspicuously absent.

The difficulty for Mendoza is not that such facts could be uncovered only in discovery or were solely within the possession of Aetna. To the contrary, the father's birthdate and the terms of his insurance policy are facts known—or readily knowable—to Mendoza at the time the complaint was filed. Their omission, therefore, renders the complaint deficient under Rule 12(b)(6). At the same time, because those facts could supply the missing plausibility, Mendoza should be afforded an opportunity to amend her complaint to allege them, if they in fact support her claim for relief. Accordingly, we reverse in part and remand with instructions to allow Mendoza an opportunity to amend.

We caution, however, that any future amendment must be undertaken in good faith and consistent with Rule 11 of the Federal Rules of Civil Procedure. As this Court has explained, "Rule 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry into both the facts and the law before filing a pleading or motion." *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022). This duty means that an attorney "cannot simply rely on the conclusory representations of a client, even if the client is a long-time friend." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996). And "an attorney's obligations with respect to the contents of pleadings or motions are not measured solely as of the time when the pleading or motion is initially filed with the court, but also at the time when the attorney, having learned the

claims lack merit, reaffirms them to the court." *Gulisano*, 34 F.4th at 942.  These guidelines are especially relevant here.

Accordingly, in any subsequent amended complaint, Mendoza should allege specific facts explaining why the father's insurance plan did not provide coverage for the twins during their post-birth hospital stay.  If Mendoza contends that coverage was unavailable under the father's plan, she must plead the factual basis for that contention, including, where relevant, facts bearing on the operation of the COB provision, such as the father's birthday.  Because Mendoza has repeatedly referenced the father's insurance plan in her complaint, it would also be useful to the district court for Mendoza to attach a copy of that plan to any amended complaint, if it is in her possession, so that the court may evaluate her allegations in light of the plan's actual terms.  Mendoza's counsel must conduct a reasonable investigation into these facts before filing any amendment and may plead only those allegations that can be supported in good faith.

## IV.   CONCLUSION

For the reasons stated, we affirm in part the district court's dismissal of Mendoza's complaint but reverse in part and remand the case, with instructions to provide Mendoza with leave to amend her complaint consistent with this Opinion.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED**.

23-13674                NEWSOM, J., Concurring                1

NEWSOM, Circuit Judge, concurring in the judgment:

I concur in the judgment remanding this case to give the parties an opportunity to amend their pleadings. I write separately only to say that I think Dina Mendoza's complaint was probably good enough to begin with. In my view, it was sufficient for Mendoza to allege (1) that she and her newborns had Aetna-provided insurance coverage, Compl. ¶¶ 7–11, (2) that the newborns required immediate medical attention totaling $420,269, *id*. ¶ 19, (3) that Aetna denied coverage for that bill, *id*. ¶¶ 18, 19, (4) that she and her children "did not have any other insurance," *id*. ¶¶ 22, 27, and (5) that "there [was] no other coverage available to this family," *id*. ¶ 23. Taking those non-conclusory facts as true—which we must at the motion-to-dismiss stage—I think Mendoza made a "plausible" showing that Aetna is the primary insurance carrier and is therefore liable for her hospital bill. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But because neither party attached the father's insurance plan to their pleadings—which would presumably resolve the primary-carrier question—I have no objection to a remand for amendments.

23-13674                KIDD, J., Concurring                1

KIDD, Circuit Judge, concurring in the judgment:

I agree that Mendoza should be granted leave to amend her complaint. But I reach that conclusion for different reasons than my colleagues. In my view, the district court erred when it applied step one of the test articulated in *Blankenship v. Metropolitan Life Insurance Company*, 644 F.3d 1350 (11th Cir. 2011). Neither ERISA nor the Federal Rules of Civil Procedure require Mendoza to plead facts showing that Aetna's basis for its denial was wrong. The district court's sua sponte misapplication of *Blankenship* has sent the parties down the wrong path.

First, the original sin. The district court did not base its order granting Aetna's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on either of the two grounds that Aetna raised. Instead, the district court sua sponte laid out our *Blankenship* test and then "address[ed] the first step, agreeing with the [d]efendants that the [p]laintiff ha[d] not plausibly alleged that the [d]efendant's claim denials were wrong."

But *Blankenship* sets forth a judicial standard of review, not a pleading standard. We made this distinction clear in *Williamson v. Travelport, LP*, where we explained that a district court cannot make a step-one *Blankenship* determination without the administrative record—in this case, the documents and evidence Aetna considered when making its denial determination. 953 F.3d 1278, 1289–90 (11th Cir. 2020). This is because the *Blankenship* test governs how courts *review benefit-denial decisions*, not how courts review whether a plaintiff has plausibly pleaded an ERISA claim.

2                          KIDD, J., Concurring                        23-13674

In *Williamson*, the district court, like here, used the *Blankenship* test to analyze the allegations in the plaintiff's complaint when granting a Rule 12(b)(6) motion to dismiss the plaintiff's ERISA § 502(a)(1)(B) claim. *Williamson*, 953 F.3d at 1288–89 (ERISA § 502(a)(1)(B) is codified at 29 U.S.C. § 1132(a)(1)(B)). In reversing that decision, we stated that "[j]ust as a plan administrator must have a complete record before rendering its decision, so too must a district court have a complete record before conducting its *de novo* review under the first step in the *Blankenship* analysis." *Id.* at 1290. Here, as in *Williamson*, there was no administrative record before the district court when it found, as a matter of law, that Mendoza's complaint failed under step one of *Blankenship*. So the district court erred when it applied the *Blankenship* test.

Nothing in ERISA, the Federal Rules of Civil Procedure, or *Blankenship* itself alters our usual assessment of whether a complaint states a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). I ultimately agree with the conclusion that Mendoza failed to plausibly allege a claim under ERISA, but for the reasons Aetna originally articulated in its motion to dismiss.

According to the complaint, Mendoza brings one count for a violation of § 502(a) of ERISA. Aetna's first basis for seeking a dismissal was that Mendoza did not "specify whether she is asserting a claim under ERISA § 502(a)(1)(B) (a denial of benefits claim) or . . . ERISA § 502(a)(3) (a breach of fiduciary duty claim)." The

23-13674            KIDD, J., Concurring                    3

following allegation supports a § 502(a)(1)(B) claim: "Aetna wrongfully denied the services requested even though the services requested are covered benefits under the Plan." Likewise, in the prayer for relief section of her complaint, Mendoza requests the court declare that Aetna "breached its fiduciary duties" under § 502(a)(3). We have previously held that "an ERISA plaintiff with an 'adequate remedy' under Section 502(a)(1)(B) [cannot] alternatively plead and proceed under Section 502(a)(3)." *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1072–73 (11th Cir. 2004) (quoting *Katz v. Comprehensive Plan Of Grp. Ins.*, 197 F.3d 1084, 1088 (11th Cir. 1999)). Therefore, the complaint should be properly dismissed on this basis, and Mendoza should be given an opportunity to amend so that she can specify the subsection of ERISA § 502(a) on which she bases her claim.

Aetna's second basis for seeking a 12(b)(6) dismissal was that Mendoza stated in a conclusory fashion in paragraph 33 of her complaint that, "[a]s a Plan Beneficiary under § 502(a) of ERISA, [she] is entitled to recover benefits under the terms of the plan, whose claims were administered by" Aetna and "under which she and her newborns were covered." At this stage, if Mendoza intends to assert a claim under ERISA § 502(a)(1)(B), she need only plead "facts that—if accepted as true—would permit relief under § 1132(a)(1)(B)." *Williamson*, 953 F.3d at 1291.

ERISA § 502(a)(1)(B) permits a plaintiff to bring a civil action to recover benefits due under the terms of her plan. 29 U.S.C.

§ 1132(a)(1)(B). But that is where Mendoza falters: she fails to plausibly allege that she is owed benefits due under her plan. Her complaint states the total bill amount she asked Aetna to pay, provides a date range for the allegedly covered services, and notes that her doctor submitted a preauthorization. She further cites policy pages she believes cover the total cost of services. But without, for example, an itemized accounting of the services provided on each date and the specific plan provisions she contends apply to each service, her allegation in paragraph 33 is conclusory and insufficient to state a plausible claim. *See Williamson*, 953 F.3d at 1291.

Because *Blankenship* does not apply at this stage, I disagree that Mendoza needed to attach her husband's policy or allege facts to support that a denial under the coordination of benefits provision was wrong. *Id.* at 1288–91. There is a distinction between a denial based on a lack of coverage under the policy terms and a denial where coverage exists, but the amount payable depends on whether Aetna is the primary or secondary insurer. Whether Aetna's decision based on the coordination of benefits provision was de novo wrong is a factual determination for the district court to decide under *Blankenship* once the administrative record is before it. *Id.*

★    ★    ★

Aetna filed a motion to dismiss pursuant to Rule 12(b)(6), and Mendoza failed to state a claim for the reasons Aetna identified in that motion. Therefore, Mendoza should be granted leave to amend her complaint to cure the deficiencies identified in Aetna's

23-13674                    KIDD, J., Concurring                    5

motion. I concur with the judgment for that reason. If this case progresses to summary judgment, the district court may apply the *Blankenship* test, but it was—and would be—error to do so before that point without the administrative record.